HENRY PORTER, administrator, vs. UNITED STATES LIFE
INSURANCE COMPANY.

Hampden.   September 26, 1893. — November 29, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Life Insurance — Conditions of Policy — Forfeiture — Waiver — Principal and
Agent.*

The fifth condition of a policy of life insurance was as follows: "The contract of
insurance is contained only in this policy and the application (which is hereby
made part hereof) taken together, and none of its terms or conditions shall be
modified or waived except in writing, signed by" certain officers of the company.
The eighth condition provided that the policy was issued "on the special con-
ditions stated on the back of this policy, which are hereby accepted by the
assured as part of this contract, as fully as if they were recited at length over
the signatures affixed hereto." *Held,* in an action on the policy, that the con-
ditions on the back of the policy were within the "terms or conditions" men-
tioned in the fifth condition on the face of the policy.

The forfeiture of a contract of life insurance, or a condition which is essential to
the continuance of such contract, cannot be waived by an agent when the con-
tract itself declares that he shall not have power to waive it, or that only certain
officers of the insurance company which do not include him shall have such power,
unless it appears that, subsequently to the execution of the contract, authority
has been given to the agent to waive the forfeiture or condition, or the company
has knowingly permitted him to exercise such a power.

CONTRACT, by the administrator of the estate of Ernest H.
Porter, upon a policy of insurance issued by the defendant on
the life of the intestate. At the trial in the Superior Court,
before *Maynard,* J., the jury returned a verdict for the plain-
tiff; and the defendant alleged exceptions. The facts appear
in the opinion.

*T. M. Brown,* for the defendant

*J. B. Carroll,* for the plaintiff.

FIELD, C. J.   The policy provides in the first condition, that
"in case any premium or payment required or agreed to be made,
now or hereafter, in connection with this insurance, shall not be
so paid when due, then this contract shall become null and void,
and of no effect, except as provided in the special conditions on
the back of this policy."   The fifth condition of the policy is as
follows: "The contract of insurance is contained only in this

policy and the application (which is hereby made part hereof) taken together, and none of its terms or conditions shall be modified or waived except in writing, signed by the president, together with the secretary or actuary."

The eighth condition of the policy is as follows: " This policy is issued under the limited tontine dividend plan of this company, on the special conditions stated on the back of this policy, which are hereby accepted by the assured as part of this contract, as fully as if they were recited at length over the signatures affixed hereto."

On the back of the policy is the following condition: " Fifth. After there shall have been paid under this contract three full years' premiums, if default shall be made in any payment within specified, the entire reserve on this policy, as calculated at that date according to the actuaries' table of mortality, with interest at the rate of four per cent per annum, and the net annual premiums method, after deducting the amount of any note, draft, indebtedness, or charge, with the interest thereon accrued against this policy, shall, on written demand made at the company's principal office in New York City, upon the blank forms furnished by the company on application therefor, within six months after such default, and during the life of the insured, be taken as a single premium to continue the insurance named in this policy in force at its full amount for such time beyond such default as such single premium will purchase that amount as (non-participating) paid up insurance at the company's present published rates, taken at the age (nearest birthday) of the insured at the date of said default, subject to àll the conditions and agreements of this contract; provided, however, that if the death of the insured occurs within three years after such default, and during such continued time of insurance, there shall be deducted from the principal sum payable the amount of all payments that would have become due up to the time of said death had no default òccurred."

The policy was dated May 28, 1887, and the premiums were duly paid thereon semiannually up to and including the premium due May 28, 1890; thereafter no premiums were paid. Ernest ·H. Porter, the insured, died on July 1, 1891. Neither he nor any one in his behalf made a written demand upon the company for

an extension of the policy pursuant to the fifth condition on the back. The principal contentions on the part of the plaintiff are that the defendant's agent (Waite) had waived the condition requiring such written demand, or that by his conduct the company was estopped from relying upon the failure of the insured to comply with this condition, or that the conditions on the back of the policy are not within the " terms or conditions " mentioned in the fifth condition on the face of the policy. We think that there is nothing in the last contention. By the eighth condition on the face of the policy, the conditions on the back are made a part of the contract as fully as if they were recited at length over the signatures.

There was evidence on the part of the plaintiff from which the jury might find, as they did, that the neglect of the insured to make the demand for an extension of the policy pursuant to the fifth condition on the back was occasioned by what was said to the insured or to his agent by Waite, although Waite was called as a witness and contradicted this evidence ; and the jury might also find from this evidence that the company had waived this condition, or was estopped from setting it up if Waite, without the consent or knowledge of the company, or of its president and secretary or actuary, could waive it, or by his conduct could estop the company from relying upon it.

The terms of the policy are clear. The contract is to become null and void if the premiums are not paid when due, except as provided in the special conditions on the back of the policy, and these conditions cannot be modified or waived except in writing signed by the president and secretary or actuary. The receipts for premiums given to the insured stated that " No person except the president, secretary, assistant secretary, or actuary is authorized to make, alter, or discharge contracts, or waive forfeitures." It does not appear that Waite ever before had attempted to waive the conditions of the policy, or that the company or its directors, or that the president and secretary or actuary ever knew that Waite had ever made such an attempt, or claimed to have any such power. There is no evidence of any conduct of the company, or of any officers expressly authorized to waive any of the conditions of the policy, which can be held to estop the company unless Waite's conduct can have that effect; and we do not

see how Waite's conduct can have that effect unless he was authorized to waive the conditions, or was held out by the company as having such authority.   We see no evidence that he was authorized to waive this condition, or was held out by the company as having such authority, and there has been no ratification by the company of any waiver by him.   The condition we are considering concerns the continuance of the contract, and goes to the substance of the plaintiff's claim.   Evidence that he had authority to send for the blanks on which the written demand was to be made, is not evidence that he had authority to waive such a demand.   We think that the failure to perform a condition of a contract the performance of which is essential to the continuance of the contract cannot be waived by an agent when the contract itself declares that he shall not have power to waive it, or that only certain officers which do not include him shall have such power, unless after the contract was made authority has been given to the agent to waive the condition, or the company has knowingly permitted him to waive such condition. *Kyte* v. *Commercial Union Assurance Co.* 144 Mass. 43.   *Putnam Tool Co.* v. *Fitchburg Ins. Co.* 145 Mass. 265.   See *Lycoming Ins. Co.* v. *Langley*, 62 Md. 196.   *Marvin* v. *Universal Ins. Co.* 85 N. Y. 278.   *Enos* v. *Sun Ins. Co.* 67 Cal. 621.   *McIntyre* v. *Michigan State Ins. Co.* 52 Mich. 188.        *Exceptions sustained.*