GEORGE H. GOODHUE *vs.* HARTFORD FIRE INSURANCE COMPANY.

Suffolk.    November 21, 1899. — January 5, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Fire Insurance — Declaration — Demurrer — Assent of Insurer to Removal of Property.*

The ground that counts of a declaration are inconsistent with each other is not the same as the ground of misjoinder of counts, and Pub. Sts. c. 167, § 67, do not apply.

The first count of a declaration alleged a written policy of insurance upon goods in a certain place, with a condition against removal, a waiver of the condition, a removal of the goods to another place consented to, and a loss. The second count alleged a "surrender" of the policy at the defendant's request that it might be modified so as to cover the goods in the new place, an agreement to. insure until the policy was modified, and a loss before the modification was made. The third count alleged a waiver of the condition against removal and an agreement that "until modification thereof" the policy should attach to the goods until all stored in their new place, and a further agreement thereafter to attach a permanent modification to the policy; and that the policy was delivered to the defendant, which, in violation of its agreement, modified the policy so that it covered a part only of the goods, and thereby cancelled the policy as to the other goods. *Held*, on demurrer, that the counts were not inconsistent.

Upon an appeal from the judgment of the Superior Court on a demurrer to a declaration, this court will not affirm the judgment upon a ground contended for different from that assigned for the judgment, without giving the plaintiff the same opportunity to amend his declaration which he would have had in the Superior Court, if the argument addressed to this court had prevailed there.

It is not necessary that the declaration in an action upon a policy of fire insurance in the standard form should allege that the assent of the defendant to the removal of the insured property was in writing.

CONTRACT, in three counts, upon a policy of insurance against loss by fire. The defendant demurred to the declaration, assigning various grounds of demurrer. In the Superior Court the

demurrer was sustained, " on the fourth ground that the several counts are inconsistent with each other," and judgment ordered for the defendant ; and the plaintiff appealed to this court. The facts appear in the opinion.

*W. R. Sears,* for the plaintiff.

*J. D. Bryant,* for the defendant.

HOLMES, C. J. This is an appeal from a judgment by the Superior Court for the defendant upon demurrer to the plaintiff's declaration. An objection is taken at the outset that an appeal does not lie because the decision of the Superior Court concerns only the misjoinder of counts and therefore is final by Pub. Sts. c. 167, § 67. The papers sent up to us contain the statement· that the demurrer is sustained upon the fourth ground, which is that the several counts are inconsistent with each other, and the objection is founded upon this statement. It is unnecessary to consider whether the statement is properly part of the record, or whether, if it is, the statement or the scope of the whole demurrer is to determine the right of appeal, because we are of opinion that the ground that the counts are inconsistent with each other is not the same as the ground of misjoinder, and therefore § 67 above referred to does not apply. The true scope of § 67 is shown by reference to § 12 of the same chapter, although that section may not give all the cases of misjoinder.

We are of the opinion that the counts are not contradictory. There is no allegation that they are for the same cause of action as there was in *Mullaly* v. *Austin,* 97 Mass. 30, 31, 33, and *Dows* v. *Swett,* 127 Mass. 364. If the second and third counts had alleged the issuing of a certain other policy of insurance, there would have been no question of contradiction even though they had referred to the same document as a copy of the contract. We should be disposed to interpret the counts in that sense, if necessary to save them from an objection so purely formal. In point of substance it was natural and proper that the plaintiff should state his cause of action in as many different ways as he conceived that there were different views possible of the legal operation of the facts. *Little* v. *Blunt,* 13 Pick. 473, 476. *Beauregard* v. *Webb Granite & Construction Co.* 160 Mass. 201, 202.

But assuming that it appears that the counts all refer to the same original policy of insurance, we think them not inconsist-

ent, when read, as we read pleadings, with a rational effort to find out what they mean. The first alleges a written policy of insurance upon goods in a certain place with a condition against removal, a waiver of the condition, a removal of the goods to another place consented to, and a loss. The second alleges a "surrender" of the policy at the defendant's request that it might be modified so as to cover the goods in the new place, an agreement to insure until the policy was modified, and a loss before the modification was made. Surrender plainly means only a handing over of the document to the defendant for the purpose of modification, but the count is on a subsidiary and temporary contract. This is consistent with the waiver alleged in the first, although probably the same facts would be relied on in evidence to establish the one, the other, or both. The third count, like the first, alleges a waiver of the condition against removal, and an agreement that " without modification thereof " the policy should attach to the goods until all stored in their new place; and a further agreement thereafter to attach a permanent modification to the policy. Of course the words " without modification thereof " just quoted mean without physical change of the instrument, which, as stated, was to be made later when the goods all had been moved. So far we have the first count over again in a little different form. The count further alleges that the policy was delivered to the defendant, and that the defendant, in violation of its agreement, modified the policy so that it covered a part only of the goods and thereby cancelled the policy as to the other goods. This accounts in advance for the condition of the instrument. The words " modified " and " cancelled " refer plainly to the physical changes made and the effect which those changes would have had if authorized, and makes the count a count on the original policy with a waiver, irrespective of certain words which the defendant without right has seen fit to write into it.

The defendant, while contending that the judgment of the Superior Court cannot be reviewed here because of the ground on which it went, nevertheless undertakes to sustain that judgment upon other grounds peculiar to the several counts. If such arguments are open, and we should be of opinion that they were good, we should not affirm the judgment without giving the

plaintiff an opportunity to amend, such as he would have had in the Superior Court if they had prevailed there. Pub. Sts. c. 167, § 67. It would be most unjust to affirm a judgment upon different grounds, and cut the plaintiff off without giving him the chance that he would have had in the lower court to consider whether he could better his case.

Assuming without deciding that the demurrers to the several counts are open here, the only objection to the first and third counts which we think requires notice is, that the assent of the defendant to the removal of the property is not alleged to have been in writing, whereas the standard form of policy provides that it shall be void "if without such assent," which we take to mean assent in writing, "the said property shall be removed," with immaterial exceptions. We must adhere to the general rule laid down in *Bartlett* v. *Stanchfield*, 148 Mass. 394, 395, that parties cannot tie up by contract their freedom of dealing with each other, whether that rule be or be not consistent with *Minturn* v. *Manufacturers' Ins. Co.* 10 Gray, 501, 508. But in this case the attempt thus to limit future action has whatever legislative sanction may be implied by its insertion in the statutory form, and certainly there is force in the argument that it was intended to make it impossible for a jury to render the description of the place and the condition in support of it nugatory, going as it does to the essence of the risk. See *Burghardt* v. *Owen*, 13 Gray, 300, 302. We do not think it proper to express a final opinion upon this point now, because, even if the defendant is right in its law, we think the rule of pleading applicable which is applied to contracts within the statute of frauds. *Price* v. *Weaver*, 13 Gray, 272. Apart from statute, the waiver of the condition by word of mouth, or indeed any subsequent oral modification of the contract, could be shown, and could be shown too without encountering the difficulties of substantive law and of pleading which have embarrassed, and still embarrass, counsel in cases within the statute of frauds. *Cummings* v. *Arnold*, 3 Met. 486. *King* v. *Faist*, 161 Mass. 449, 456. If, as is probable, a waiver of the terms as to place is a change going so far to the essence of the contract that it would have to be pleaded, still it might be pleaded without alleging a writing, whatever the contract affected to require. The establish-

ment of the standard form of policy does not change the rules of pleading, and a declaration which would have been good before in the respect under consideration is good still.

It was suggested for its bearing upon various parts of the case that the statutes now imply that all insurance shall be in writing. St. 1894, c. 522, § 59. Pub. Sts. c. 119, § 138. The contrary is settled, at least with regard to temporary contracts such as is alleged in the second count. *Sanford* v. *Orient Ins. Co.* 174 Mass. 416.

The other criticisms of detail do not seem to us to need mention.                              *Demurrer overruled.*