Davis, J.
Policies of insurance, like other contracts, should be reasonably construed, so as not to defeat the intention and express language of the parties. West et al. v. Citizens’ Ins. Co., 27 Ohio St., 1. It was agreed by the parties to this contract of insurance, that immediate, written notice should be given to the company of any accident and of all alleged injuries, together with copies of all statements made by employes, and all other information in possession or knowledge of the insured in any way relating to such accident or liability therefor. It is obvious that this stipulation is of the essence of the contract in insurance of this kind. It is not merely a stipulation as to the form of bringing to the notice of the insurer the fact of a loss, as in policies of fire and life insurance. It is clearly a matter of substance in the contract; because the obligation of the insurer is not against the mere happening of an accident or an injury, but against “loss from liability” to employes who may be accidentally injured while in the employ of the insured “under circumstances which shall impose upon the insured a common law or statutory liability to such employes by reason thereof.” The occurrence of an accident and injury, *539 however slight, if it may result in a legal liability to an employe of the insured, would necessarily involve an inquiry into the facts and circumstances which may make the insured liable; and these must be communicated to the insurer, else there would be no notice to the insurer that there had been anything more than an accident without liability. In insurance of this character it is a matter of the first importance to the insurer, who may be forced to become the real -defendant in a lawsuit against the insured employer, to be speedily informed of all the facts and witnesses concerning a possible litigation. In a very little time the facts may in a great measure fade out of memory, or become distorted, witnesses may go beyond reach, physical conditions may change, and, more dangerous than all, fraud and cupidity may have had opportunity to perfect their work. Therefore, this stipulation is vital to the contract; and it need not be surprising that the policy contains an agreement that it shall not be waived by any agent, for it is declared by the insurer and accepted by .the insured that “no agent has authority to waive or alter anything in this policy contained.”
It is not claimed that written notice was given to the company at the time of the alleged accident and injury, nor for almost nine months thereafter; and it does not appear from the record that the company was at any time furnished with copies of all, or any, statements made by employes, and all other information in possession or knowledge of the insured in any way relating to such accident or liability therefor. Immediate notice means notice within a reasonable time, and when the facts are not disputed, what is a reasonable time is a question of law. American Fire Ins. Co. v. Hazen, 110 Pa. St., 530; *540 Kimball v. Ins. Co., 8 Gray (Mass.), 33; Bennett v. Ins. Co., 67 N. Y., 274.
There was nothing in the circumstances of this case to require or justify the delay of such notice for a period of nine months, and much to indicate that such delay was positively prejudicial to the insurer. But it is answered that the insured gave to the insurer immediate written notice of the claims of the employe who was injured, as soon as the insured had any knowledge of any claim being made by the employe. Notice of the claims of the injured employe, however, is not the thing stipulated for. The contract is that immediate written notice, that is, within a reasonable time, shall be given of any accident and of all alleged injuries together with information relating to liability therefor. This was not done. From the record of this case we are able to say that the proper notice could have been given within a few days after the accident, as well as, or better than, nine months afterAvards. The insured undertook at their own peril to decide whether there was, or would be, a liability or not, and whether the injury received was severe enough to require the stipulated notice to be given. Having assumed that hazard and realized their mistake, they have no one to blame but themselves, that they are left without a remedy.
Equally unavailing for the defendants in error is the claim that the stipulation for notice was waived by Mason, the insurance company’s local soliciting agent, or that the company is estopped to plead the contract in defense,' by misleading statements made by Mason. The apparent scope of Mason’s authority did not justify the insured in accepting and relying upon his words when this accident was verbally reported to him. He was a mere soliciting agent, *541 and was invested with none of the powers of a general agent, or of a special adjusting agent. It does not appear to us that he was entrusted with any duties in regard to receiving and transmitting notice or of adjustment between the parties to the policy. So far as we are informed his duties ended when he received and transmitted to the company the application of the insured for the insurance. Therefore the defendants in error had no right to rely on his advice or suggestions in regard to a matter which was not within the apparent scope of his authority; and still less could they so rely on his advice when it was ■distinctly contrary to the contract stipulations. It was further expressly stipulated in the policy that ■“No agent has authority to waive or alter anything in this policy contained.” The policy is not unilateral. Since the insured have received, accepted and retained the policy, they are parties to it, although not signing it, and are presumed to know and accept all of its terms and conditions. Union Central Life Ins. Co. v. Hook, ante, p. 256. The insured, having agreed that the stipulation as to notice could not be waived or altered by an agent, cannot excuse themselves for non-performance of the contract as to notice to the company, by showing that they acted on the suggestion of the soliciting agent that they should not perform the contract as they had made it. In this conclusion we are sustained by numerous decisions in other states. We cite only a few of them. Carey v. Insurance Co., 84 Wis., 80; Smith v. Insurance Co., 60 Vt., 682; Porter v. Insurance Co., 160 Mass., 183; Walsh v. Insurance Co., 73 N. Y., 10; Kirkman v. Insurance Co., 90 Iowa, 457; Gould v. Insurance Co., 90 Mich., 302; Insurance Co., v. Heiduk, 30 Neb; 288; Ermentrout v. Insurance Co., 63 Minn., 305, 310.
*542 We are aware that there are decisions to the effect, that conditions in respect to notice and proofs of loss, may be waived by an agent, notwithstanding a provision that no agent can change the same. Those-decisions are put npon the ground that such limitations on the authority of agents apply only to provisions relating solely to the formation and continuance-of the policy, and which are essential to the binding force of the contract while it is running, and do not apply to conditions which are to be performed after the loss has occurred, such as giving notice and proof' of loss. While we prefer to put the decision of this, case on the grounds, and in line with, the decisions, already stated, we think that we have made it sufficiently clear that the stipulation as to notice in this, policy, is of the very substance of .the contract in insurance of the kind here contracted for, and therefore could not be waived by any agent.
The court of common pleas erred in rendering judgment for the defendants in error, upon the conceded facts, and the circuit court erred in affirming the judgment of the court of common pleas. The-judgments of both courts are reversed, and the

Judgment is for plaintiff in error.