JOHN SWAINE *vs.* TEUTONIA FIRE INSURANCE COMPANY.

Hampden.    September 28, 1915. — October 14, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Insurance, Fire. Assignment.*

The conveyance, to a purchaser, of real estate with a building thereon that is insured against fire does not operate in any way to transfer the contract of insurance. To do this there must be a novation created by an assignment of the policy to the purchaser which is accepted by the insurer, thus making a new contract between the insurer and the assignee upon the terms of the old contract.

In the present case, where there was no contract by novation, the plaintiff, who was a purchaser of the property, if he had had any rights under the policy, which was in the Massachusetts form, could not have recovered under its terms, as there was a delay of three months on his part in furnishing the required sworn statement of loss, for which no excuse was shown.

Where a policy of fire insurance upon a building is made payable in case of loss to the mortgagee of the property, and, after a sale of the property by the mortgagor and a conveyance of it by him to the purchaser without notice to the insurer, and after a subsequent loss of the building by fire, the purchaser pays off the mortgage and receives from the mortgagee a discharge of the mortgage and also the insurance policy on which the mortgagee writes and signs the indorsement, "All interest in the within policy is hereby released," *whether* the words quoted constitute an assignment of the mortgagee's rights against the insurer, here was not considered, because the plaintiff suing on the policy, who was the purchaser from the mortgagor, did not base his right to recover on an assignment from the mortgagee.

PIERCE, J. This case is before us upon a report,* after a verdict ordered for the defendant following a stipulation by counsel

---

* By *Hamilton,* J.

that, if upon the evidence properly admitted in the case the plaintiff was entitled to go to the jury, judgment is to be entered for the plaintiff in the sum of $800; otherwise, judgment is to be entered for the defendant.

The defendant introduced no testimony. The evidence derived from the testimony of the plaintiff and his witnesses taken in the aspect most favorable to his contention discloses that the plaintiff's predecessor in title, Ellen Kennedy, on August 1, 1910, purchased from the Teutonia Fire Insurance Company a policy of fire insurance in the Massachusetts standard form insuring a certain house which she then owned for a term of three years. There was a mortgage upon the property and the loss in case of fire was made payable to the mortgagee, Charles E. Hitchcock, as his interest might appear.

Before any loss by fire the owner, Mrs. Kennedy, conveyed her title to one Johnson, and Johnson in turn conveyed his title on December 6, 1911, to the plaintiff. Neither copies nor the substance of the deeds appear in the record. Both conveyances were executed and delivered without the assent in writing or in print of the insurer. In any aspect of the testimony it does not appear that before any loss by fire the insurer or its agent Lyman knew of a conveyance of the title by Johnson to the plaintiff Swaine, or had other than a general information that the title was to be or had been transferred. With the conveyance of title no actual or attempted assignment of the insurance policy was given by Mrs. Kennedy to Johnson, or by Johnson to the plaintiff. In fact the plaintiff did not know of the existence of the insurance policy or that the defendant had insured Mrs. Kennedy until after the loss by fire the recovery for which is the object of this action. The house described in the policy was destroyed by fire on December 19, 1911, and on December 20, 1911, the plaintiff notified the agent Lyman of the fire. On March 18, 1912, a statement in writing, signed and sworn to by the plaintiff, was rendered to the insurance company on a blank furnished by Lyman.

The record discloses no facts or circumstances to explain or to excuse the delay for three months in executing and delivering the statutory required sworn statement. Following the fire of December 19, 1911, the plaintiff paid off the mortgage then held by

the executrix of the will of the mortgagee, and she discharged the mortgage and released all her interest in the policy. The words "All interest in the within policy is hereby released" were written on the policy by the executrix, over her own signature, at the time the plaintiff paid off and the executrix discharged the mortgage.

This action is not founded upon the contention that the payment of the debt and the delivery of the policy bearing the quoted words constituted an assignment of the mortgagee's right against the insurance company, and we express no opinion upon the facts in such an aspect. The policy constituted a contract with the mortgagor and mortgagee upon which each one could maintain an action in his own name to recover to the extent of his interest. *Palmer Savings Bank* v. *Ins. Co. of North America,* 166 Mass. 189, 195. The policy is not incident to the estate nor does it run with the land. Its assignment, when accepted by the insurer, operates by way of novation to discharge the rights and obligations incident to the original parties, and by agreement of the parties and operation of law gives birth to a new contract between the insurer and the assignee upon the old terms. *Wilson* v. *Hill,* 3 Met. 66. *Harrison* v. *Pepper,* 166 Mass. 288. In the case at bar there was no assignment actual or implied.

The transfer of title from the owner to Johnson and from Johnson to the plaintiff was without the assent in writing or in print of the insurer and rendered the policy void as to all persons other than the mortgagee, R. L. c. 118, § 60, unless the insurer be estopped to make use of this weapon of defence or has waived this condition of the policy. There is nothing in the record to justify an argument that any act of word or of conduct of the insurer or its agent led Johnson or the plaintiff to neglect to have the Kennedy policy assigned to him, or that either of them in consequence thereof failed as owner to insure his interest upon a new policy.

There is also no just ground for asserting a waiver of the insurer's right. All that the record discloses is that one Quinn, a broker, testified that he telephoned to the insurer's agent (Lyman) "that the buildings had been sold, that he had notified the mortgagee, Mrs. Hitchcock, and that Mrs. Kennedy had told him that Mrs. Hitchcock had gone away for some time and that they

were not able to get the policy and that he asked Mr. Lyman if he would 'take care of it,' and that Mr. Lyman said he would." In reference to the sale to the plaintiff Quinn testified that he told Lyman that the property had been again transferred and that he was trying to get the policy to take over to him, that Lyman said it was all right, and that "when I got it [the policy] to bring it in." The name of the plaintiff was not disclosed to the insurer or to its agent, and at no time before the loss did the plaintiff bring the Kennedy policy to the insurer or to its agent, nor did he know of the existence of the policy.  See *Parker* v. *Rochester German Ins. Co.* 162 Mass. 479; *Atwood* v. *Caledonian American Ins. Co.* 206 Mass. 96, 101.

Upon the above facts we are of opinion that it is unnecessary to consider whether the defendant's objection to the admission of testimony relating to custom was taken properly.

The plaintiff at the time of loss had neither title to a policy of insurance issued by the defendant company nor an equitable right to have as against the defendant the benefit of such.  Had he had such, the unexplained and unexcused delay of three months in furnishing a sworn statement of loss would prevent recovery in this action.  *Cook* v. *North British & Mercantile Ins. Co.* 181 Mass. 101.  *Bennett* v. *Ætna Ins. Co.* 201 Mass. 554.  *Greenough* v. *Phoenix Ins. Co.* 206 Mass. 247, 249, and cases cited.

In accordance with the terms of the report, upon the above findings and rulings judgment must be entered for the defendant; and it is

*So ordered.*

The case was submitted on briefs.
*C. L. Young & H. J. Rice,* for the plaintiff.
*F. W. Brown & W. L. Came,* for the defendant.