FRANK NAVICKIS, administrator, *vs.* FIREMAN'S FUND INSURANCE
COMPANY.

Plymouth.  January 13, 1920. — March 5, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Insurance,* Of motor vehicle, Theft, Notice of loss. *Waiver.*

In an action against an insurance company by one of two persons upon a policy
of insurance insuring them "as their interest may appear" against loss of an
automobile by theft, and containing a condition that failure to give notice of loss
within a certain time shall render a claim of loss void, if neither person gives the
required notice after the theft of the automobile, neither person has any en-
forceable right under the policy and a payment by the company to one of the
insured persons of the amount of his loss is a mere gratuity and does not operate
as a relinquishment by the company of the right to insist that a failure by the
other person to give the required notice was a bar to an action by him upon the
policy.

CONTRACT by the administrator of John Nevat upon a policy
insuring "The Henley-Kimball Company and John Nevat, as
their interest may appear" against certain perils to an automo-
bile, including theft, it being alleged that the automobile was
purchased by Nevat from the Henley-Kimball Company by a
contract of conditional sale, and that it had been stolen. Writ
dated February 27, 1919.

In the Superior Court the case was tried before *Keating,* J. The
material evidence is described in the opinion. The judge or-
dered a verdict for the defendant and reported the case to this
court for determination with the stipulation of the parties that
"If the action of the defendant in accepting from the Henley-
Kimball Company on December 14, 1918, the proof of loss exe-
cuted by that company and paying to that company the amount
of its interest in said automobile, constituted a waiver on the part
of the defendant of compliance on the part of the other assured of
the provisions of the policy relative to notice and proof of loss of
which this plaintiff can avail himself and a waiver—not only as
between the Henley-Kimball Company and the defendant but
also as between John Nevat's estate and the defendant—of the
forfeiture which had resulted from the neglect of either assured

to render notice in writing and a proof of loss within sixty days from the time of the loss, then judgment is to be entered for the plaintiff in the sum of $954, with interest thereon from the date of the writ; otherwise, judgment is to be entered upon the verdict."

*M. Shapira,* for the plaintiff.

*F. W. Brown & W. L. Came,* for the defendant, submitted a brief.

BRALEY, J.   The policy issued by the defendant to the Henley-Kimball Company and the plaintiff's intestate insuring as their interest may appear for the term of one year an automobile against certain perils including theft of the car, required that in the event of loss or damage the assured should forthwith give notice in writing to the company or the authorized agent who issued the policy, and within sixty days thereafter, unless the time was extended in writing, render a statement signed and sworn to by the assured stating the time and cause of the loss.   If the assured failed to render such statement within the time specified or as extended, his failure "shall render such claim null and void." The car was stolen.   It is undisputed that the time never was extended, and the intestate, without having rendered a statement, died more than sixty days after the date of loss.   But the defendant nearly six months thereafter, having paid to the Henley-Kimball Company, which also had failed to render a statement, the amount of its insurable interest, and the jury having found that the automobile had not been used by the intestate to carry passengers for hire, a use expressly prohibited by the policy, the plaintiff claims as matter of law that the payment operated as a waiver of any statement by his intestate, and that he is entitled to the amount of insurance with interest as stipulated in the report.

The car was in the possession of the intestate under a conditional sale from the Henley-Kimball Company, by the terms of which a certain part of the purchase price had been paid in cash while the balance was payable in instalments.   It was further provided that the conditional vendor should effect the insurance and pay the premium which was to be added to the price, and upon the final payment of the entire indebtedness a bill of sale was to be given.   It is contended by the defendant that their relation was analogous to that of mortgagor and mortgagee under a policy made payable to the mortgagee as his interest may appear, and their

interests being several, the contract of insurance could be enforced by either to the extent of his rights in the property, and a settlement with one would not bar the rights of the other if compliance with the precedent condition were shown. See *Copeland* v. *Mercantile Ins. Co.* 6 Pick. 197; *Tate* v. *Citizens' Mutual Life Ins. Co.* 13 Gray, 79; *Palmer Savings Bank* v. *Ins. Co. of North America,* 166 Mass. 189; *Swaine* v. *Teutonia Fire Ins. Co.* 222 Mass. 108, 110; *Beebe* v. *Ohio Farmers' Ins. Co.* 93 Mich. 514.

It is unnecessary, however, to determine the nature or scope of the contract, for on the record neither party had any enforceable rights. The payment therefore was a mere gratuity which did not operate as a relinquishment by the defendant of the right in the present action to insist upon a compliance with the terms of the policy. *Rundel & Hough* v. *Anchor Fire Ins. Co.* 128 Iowa, 575.

*Judgment for the defendant on the verdict.*