### JAMES R. BLAIR *vs.* NATIONAL RESERVE INSURANCE COMPANY.

Suffolk.    November 14, 1935. — December 31, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Insurance*, Waiver, Fire. *Waiver*. *Corporation*, Officers and agents. *Agency*, Scope of authority. *Evidence*, Presumptions and burden of proof.

Statement by QUA, J., as to waiver of provisions of insurance policies.

A general agent of a fire insurance company, authorized to assent in writing in its behalf to the removal of insured property, was not shown to have had authority to waive a condition of a policy in the

standard statutory form requiring the written assent of the company for removal of the insured property; and the agent's oral assent to its removal and promise to send a written assent at once were not sufficient.

In an action upon a policy of insurance, the burden of proving authorized waiver of a condition of the policy or estoppel to assert it is on the plaintiff.

CONTRACT.    Writ dated May 31, 1934.

The action was tried in the Superior Court before *F. T. Hammond,* J., who ordered a verdict for the defendant and reported the action.

*B. Titlebaum,* (*M. W. Titlebaum* with him,) for the plaintiff.

*W. Hartstone,* (*H. N. Hartstone* with him,) for the defendant.

QUA, J.    This action is brought against a foreign insurance company upon a policy of fire insurance in the standard form prescribed by G. L. (Ter. Ed.) c. 175, § 99, to recover for the loss by fire of the plaintiff's household furniture.

When the policy was issued the furniture was located on Huntington Avenue in Boston.  Before the fire the plaintiff had moved it to Roslyn Place, where it was destroyed. The policy contained a condition that it should be void if the property should be removed without the assent in writing or in print of the company.  There was no assent in writing or in print completed and delivered as a finality on the part of the company.  There was, however, testimony from the plaintiff as to a telephone conversation between himself and one Hoffman, an agent of the company, before the furniture was moved to Roslyn Place which need not be stated in detail, but from which, if true, it may be assumed the jury could have found that Hoffman had assented orally to the removal and had promised to mail a written assent at once, and that if the company was bound by Hoffman's statements in spite of the requirements of the policy, it had either waived the condition or was estopped from asserting it.  This presents the principal question in the case.  There was also evidence that Hoffman was "the duly authorized general agent in Boston for the purpose of

transacting general insurance business for the defendant" and that he had authority to assent in writing to the removal of insured property.

A long line of decisions in this Commonwealth establishes the general rule that provisions or conditions in an insurance policy which by their terms cannot be altered or waived except by certain specified officers or agents or in certain specified ways, as in writing or by indorsement on the policy, are integral parts of the policy and until revoked or modified in some legally recognized manner are valid and binding upon the insured. The principal cases are collected in the footnote.* Certainly no less effect can be given to provisions of this kind when contained in a policy the form of which is prescribed by statute than is given to them in policies prepared by the insurer. *Parker* v. *Rochester German Ins. Co.* 162 Mass. 479. *Goodhue* v. *Hartford Fire Ins. Co.* 175 Mass. 187, 190. Nevertheless, it is recognized, even in cases which illustrate the general rule, that the company cannot contract itself out of the legal consequences of its subsequent acts. It necessarily follows that it remains legally possible for the company, by duly authorized action, to destroy the special protection originally set up in its favor in any manner which is sufficient in law to bring about that result, whether or not the method adopted is in accord with the terms of the original agreement. It is the rule as to contracts in general that "parties cannot tie up by contract their freedom of dealing with each other." *Goodhue* v. *Hartford Fire Ins. Co.* 175 Mass. 187, 190. *Bartlett* v. *Stanchfield*, 148 Mass. 394. *Close* v. *Martin*, 208

---

* *Worcester Bank* v. *Hartford Fire Ins. Co.* 11 Cush. 265. *Minturn* v. *Manufacturers' Ins. Co.* 10 Gray, 501, 508. *Kyte* v. *Commercial Union Assurance Co.* 144 Mass. 43. *Putnam Tool Co.* v. *Fitchburg Mutual Fire Ins. Co.* 145 Mass. 265. *Porter* v. *United States Life Ins. Co.* 160 Mass. 183. *Parker* v. *Rochester German Ins. Co.* 162 Mass. 479. *Goodhue* v. *Hartford Fire Ins. Co.* 175 Mass. 187. *Harris* v. *North American Ins. Co.* 190 Mass. 361, 368. *Pringle* v. *Spring Garden Ins. Co.* 205 Mass. 88. *Atwood* v. *Caledonian American Ins. Co.* 206 Mass. 96, 101. *Larner* v. *Massachusetts Bonding & Ins. Co.* 238 Mass. 80. *Paulauskas* v. *Fireman's Fund Ins. Co.* 254 Mass. 1. *Vasaris* v. *National Liberty Ins. Co.* 272 Mass. 62. *Holich* v. *Globe & Rutgers Fire Ins. Co.* 272 Mass. 587. *Friedman* v. *Orient Ins. Co.* 278 Mass. 596. *Zick* v. *Boston Casualty Co.* 282 Mass. 491. In the following cases the condition was contained in a by-law of the company: *Barrett* v. *Union Mutual Fire Ins. Co.* 7 Cush. 175. *Forbes* v. *Agawam Mutual Fire Ins. Co.* 9 Cush. 470. *Hale* v. *Mechanics' Mutual Fire Ins. Co.* 6 Gray, 169.

Mass. 236, 241.  *G. M. Bryne Co.* v. *Barnstable,* 286 Mass. 544, 554.

But when we are concerned with a corporation, which must of necessity act through agents, it is indispensable that inquiry be made into the authority of the particular agent whose acts in the particular instance are claimed to be the acts of the corporation.  And when the assertion is made that a condition in a policy inserted for the company's benefit has been waived or destroyed by the company in some way other than that required by the policy, it becomes necessary to show that the acting agent had authority to bind the company in ways contrary to those contemplated by the contract.  As the probabilities will be against such grant of authority, definite proof will be required.  Authority to make the original contract or to waive the condition in the manner prescribed therein is not enough.  If this were not so, the particular requirements of the contract would become meaningless.  Some further and additional delegation of authority derived from the fountain head of corporate power must be shown broad enough to include the abrogation of the condition in a manner excluded by the very terms of the contract itself.  *Porter* v. *United States Life Ins. Co.* 160 Mass. 183, 186.  *Shapiro* v. *Security Ins. Co.* 256 Mass. 358, 365.  *Friedman* v. *Orient Ins. Co.* 278 Mass. 596, 599.  *Northern Assurance Co.* v. *Grand View Building Association,* 183 U. S. 308, 361.  Compare *Insurance Co.* v. *Norton,* 96 U. S. 234, 240.  Many cases from various jurisdictions are collected in Couch on Insurance (Cyclopedia of Insurance Law) §§ 522 *et seq.*  It is impossible to reconcile them.  We have stated above what we conceive to be both the result of our own decisions and the sound legal principles.  See Williston on Contracts, §§ 759, 760.

If these underlying principles are kept in mind, the confusion which has sometimes arisen from reading separately cases, each of which has been decided on its own particular facts, will be avoided.  Thus the recent cases of *Shapiro* v. *Security Ins. Co.* 256 Mass. 358, and *Jackson & Co. (Inc.)* v. *Great American Indemnity Co.* 282 Mass. 337, are not contrary to the current of authority referred to above.  They are

instances where the court thought the evidence justified a finding of a new delegation of power from the company itself authorizing the wiping out of conditions originally inserted in the policy. In the same class must be placed *Jennings* v. *Metropolitan Life Ins. Co.* 148 Mass. 61, and *Stuart* v. *Reliance Ins. Co.* 179 Mass. 434.

The present case falls within the general rule. There is no evidence that Hoffman had been authorized by the company to waive the condition requiring assent in writing or in print to the removal of the goods. His appointment as "general agent" did not make him an original source of such authority. *Kyte* v. *Commercial Union Assurance Co.* 144 Mass. 43, 46. *Putnam Tool Co.* v. *Fitchburg Mutual Fire Ins. Co.* 145 Mass. 265, 269. *Parker* v. *Rochester German Ins. Co.* 162 Mass. 479, 482. The burden of proving authorized waiver or estoppel was upon the plaintiff. *Friedman* v. *Orient Ins. Co.* 278 Mass. 596. Under the circumstances of this case there is no distinction between waiver and estoppel as to the authority required. *Porter* v. *United States Life Ins. Co.* 160 Mass. 183, 185. *Atwood* v. *Caledonian American Ins. Co.* 206 Mass. 96.

There was no evidence of a new oral contract to insure the furniture at Roslyn Place. *Parker* v. *Rochester German Ins. Co.* 162 Mass. 479, 482.

*Judgment for defendant on the verdict.*