732

## PROVIDENCE WASHINGTON INDEMNI-TY CO. v. VARELLA et al.

### Civ. A. 53-131.

United States District Court
D. Massachusetts.

May 28, 1953.

J. C. Johnston, Boston, Mass., for plaintiff.

Everett S. White and Paul L. M. Cushman, Taunton, Mass., for defendant Bessie M. Hoyle.

Powers & Martin and Walter G. Powers and Richard K. Martin, Taunton, Mass., for defendant Varella.

FORD, District Judge.

Plaintiff here seeks a declaratory judgment that under Comprehensive Personal Liability Policy No. CP 2063 issued by it

to defendant Augusto Varella it is not liable to indemnify defendants Augusto and Mary Varella against any loss or liability on account of personal injuries suffered by Bessie M. Hoyle nor to defend an action based on said injuries brought by defendant Hoyle against the Varellas in the Superior Court for Bristol County, Massachusetts.

The policy in question was issued by plaintiff through one Hambly, its agent, on January 16, 1951 covering the premises of the Varellas at 124 Somerset Avenue, Taunton. At that time Mary Varella was engaged in business as a hairdresser in a business building in Taunton. On or about October 20, 1952 she moved her shop to the Somerset Avenue premises and began to carry on her business there. Bessie Hoyle, a client of Mrs. Varella, was injured on October 31, 1952, when she fell on a stairway leading to this hairdressing shop. Included in the declarations of the policy is a statement that no business pursuits are conducted at the premises. The policy specifically excludes from its coverage any business pursuits of the insured, and excepts from the insured premises business property, which is defined as property upon which a business is conducted. It is clear (and defendants do not contend otherwise) that the Hoyle accident was not within the coverage of the policy as written and no duty or liability with respect to that accident would be imposed on the plaintiff.

■ The Varellas do contend, however, that because of certain words or conduct of its representatives, plaintiff should be held liable under the policy.

Mrs. Varella testified that she originally approached Hambly for the purpose of taking out fire insurance on the property, which she and her husband had just purchased. Hambly suggested that they also take out a personal liability policy, and explained to her the meaning of this type of insurance, with which she was not familiar. He asked her if she intended to move her hairdressing business to her home, and she told him she did not intend to do so then but would do so eventually. He then said it would be all the better for having liability insurance be-

cause of having people going in or out of the premises. This evidence is not persuasive that Hambly was representing that the policy he was about to sell her would cover any business activities which she might undertake on the premises at some time in the future. But in any event, the policy actually issued was an integrated contract clearly excluding business property and evidence of prior or contemporaneous oral agreements could not be admitted to vary the terms of the written contract. Cass v. Lord, 236 Mass. 430, 128 N.E. 716.

■ After the Hoyle accident, Hambly was immediately notified by Mrs. Varella. He provided her with a form for giving notice of the accident to the company, and received from her information to be forwarded to the company. Later, one McGrory, an investigator employed by plaintiff, visited Mrs. Varella and obtained from her a written statement in regard to the accident. He told her not to be concerned because the company would take over from then on.

On November 15, 1952 Mrs. Varella received a letter from plaintiff denying liability under the policy on the ground that accidents arising out of business use of the property were not covered by the policy. She took this letter to Hambly who told her there was some mistake and that he would take care of it. On December 2, 1952 he advised her that he was to make further calls to the plaintiff's office and that she did not need to retain an attorney. On December 4, 1952 a photographer employed by the plaintiff took pictures of the site of the accident.

Such actions or statements made by representatives of the company cannot be held to have changed the terms of the contract embodied in the policy. Defendants do not contend that either Hambly or McGrory had any actual authority to make such changes, but they do argue that their position as the representatives who actually dealt with Mrs. Varella on matters affecting the policy clothed them with apparent authority to do so. This contention must be rejected. One of the conditions included in the policy is the following:

734

"10. Changes: Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by an authorized representative of the company."

In the face of this provision it cannot be held that any representative of plaintiff had authority, real or apparent to change the written terms of the policy by oral statements or representations so as to increase the coverage beyond that provided in the original contract.

 Defendants, however, urge that Condition 10 is so all inclusive that it would practically prevent any modification of the terms of the policy and should be held to be void. The clause does not have the effect alleged. It appears to allow waiver or change to be made freely, requiring only that this be done by written endorsement signed by an authorized representative. Such a limitation is not an unreasonable one. Kyte v. Commercial Union Assurance Co., 144 Mass. 43, 46, 10 N.E. 518. Provisions of this type in insurance policies, at least as broad in scope as the one involved here, have repeatedly been held valid by the Massachusetts courts. Blair v. National Reserve Insurance Co., 293 Mass. 86, 88, 199 N.E. 337, citing a long line of Massachusetts cases to that effect.

It cannot be held that plaintiff has waived its freedom from liability under the terms of the policy, or that because of the representations of its agents, it is estopped from asserting its rights. Condition 10 requires the same formality of written and signed endorsement for a waiver as for a change in the terms of the policy. In any event the broadening of the coverage of the policy so as to make it cover a risk not within its terms, is not a mere waiver of the conditions of the policy but the making of a new contract. Palumbo v. Metropolitan Life Insurance Co., 293 Mass. 35, 37, 199 N.E. 335. The necessary elements for the creation of an estoppel are not present, since there was no change of position by the Varellas in reliance on what was told them by Hambly or McGrory. Sheehan v. Commercial Travelers' Mutual Accident Association of America, 283 Mass. 543, 551, 186 N.E. 627, 88 A.L.R. 975. This was not a case in which, because of what they were told by an authorized representative of the insurance company, the defendants failed to comply with any conditions necessary for the protection of their rights under the policy. The extent of the coverage was in fact fixed by the terms of the policy as originally written and, apart from a change satisfying the requirements of Condition 10, nothing they might do or fail to do could increase or diminish that coverage.

The accident to Bessie M. Hoyle occurring on the premises of the Varellas on October 31, 1952, was an accident occurring on a part of the property used for business purposes, and hence was excluded from the coverage of the policy. Plaintiff has no obligation under the policy to defend any action against the Varellas arising out of said accident or to indemnify the defendants against any liability or loss on account of said accident.

Judgment for the plaintiff in accordance herewith on prayers 3 and 4 of the complaint.