68 543|
144m429|

GABE ALBERS, Executor, Respondent, v. PHOENIX
INSURANCE COMPANY OF BROOKLYN, Appellant.

Kansas City Court of Appeals, December 14, 1896, and
February 1, 1897.

1. **Insurance**: ADJUSTER: DELEGATION OF AGENCY. An adjusting
agent of an insurance company has no power to delegate his authority
and the company will not be bound as to proofs of loss by one repre-
senting such adjuster, unless it be shown that he customarily dele-
gated his authority with consent of the company.

2. ————: LAPSE OF TIME FOR PROOFS: ADJUSTER. The actions of an
adjuster after the lapse of time for furnishing proofs of loss can not
amount to a waiver for failure to furnish them within time.

*Appeal from the Cooper Circuit Court.*—HON. D. W.
SHACKLEFORD, Judge.

AFFIRMED.

*Fyke, Yates & Fyke* for appellant.

(1) Under the allegation of the petition, evidence
of waiver of proofs of loss (no proofs whatever having
been made) was inadmissible. *McNees v. Ins. Co.*, 61
Mo. App. 335. (2) Even if adjuster Luther Welsh,
the only adjuster who saw the assured within the thirty
days for making proofs, had waived proofs (and he did
not), such waiver was not effective. The only author-
ity possessed by Luther Welsh, as shown by the evi-
dence, was delegated to him by another adjuster, Ira
Welch. One agent can not delegate his powers to
another. *McCullom v. Ins. Co.*, 65 Mo. App. 304;

*McClure v. Ins. Co.*, 4 Mo. App. 148, *loc. cit.* 153; *Ruthven v. Ins. Co.*, 60 N. W. Rep. 663, 666; *Waldman v. Ins. Co.*, 8 S. Rep. 66.    (3)    The pretended waiver of proofs by adjuster Ira Welch was not effective even if it had been clearly shown, because made after the expiration of the thirty days for making them.    *Cohn v. Orient Co.*, 62 Mo. App. 271.    (4)    "Plaintiff stands here without having made proofs of loss, and without having shown a waiver thereof. In consequence he has no case and should not have been granted a new trial." *Sheehan v. Ins. Co.*, 53 Mo. App. 357.

*Bente & Wilson* and *John Cosgrove* for respondent.

(1)    The powers of insurance agents are presumed to be coextensive with the business intrusted to their care and are not to be narrowed by restrictions or limitations not communicated to the party dealing with them.    *Breckenridge v. Ins. Co.*, 87 Mo. 62.    Frank L. Wright was agent of defendant.    (2)    An insurance agent who is authorized to contract for risks, to countersign and deliver policies in the name of the company, and to receive and collect premiums, may exercise his powers through an assistant, who thereby becomes an agent of the company.    *Ins. Co. v. Josey*, 25 S. W. Rep. 685; *Ins. Co. v. Ward*, 26 S. W. Rep. 763.    (3) Likewise the adjuster of defendant had authority to send an agent to Smithton to adjust the loss of F. P. Taylor and plaintiff; and, if Luther Welsh was not the duly authorized agent of the defendant, the fact that Ira Welch was, and he sent the said Luther Welsh there to adjust said loss, thereby making him the agent of defendant, his acts were binding on defendant. *Ins. Co. v. Josey*, 25 S. W. Rep. 685; *Ins. Co. v. Ward*, 26 S. W. Rep. 763. Notice of loss given by the local agent and acted upon by the company is sufficient under a

policy providing that notice and proofs of loss shall be given to the company, but not pointing out how and by whom, provided it acted upon the information, and oral notice is sufficient. *Loeb v. Ins. Co.*, 99 Mo. 50; *Anthony v. Ins. Co.*, 48 Mo. App. 66; *La Force v. Ins. Co.*, 43 Mo. App. 518.

ELLISON, J.—This action is on a policy of fire insurance. The finding, under the instructions of the court below, was for defendant. Plaintiff afterward filed a motion for new trial, which the court sustained. The defendant thereupon appealed from the order granting the new trial.

The policy required proofs of loss to be made within thirty days after the fire. No proofs of loss were made in this case, but plaintiff contends there was a waiver of such proofs. The only question of waiver arises on the action of one Welch, who appeared at the place of the loss within the thirty days required for proofs and entered into negotiations concerning the loss, and stated that the loss would not be paid INSURANCE: adjuster: delegation of on account of the title to the property inagency. sured not being as it was stated in the policy. It was not shown that this person assuming to so act was in truth the agent of the company. At best he was only shown to be an agent for the company's adjusting agent. This is not sufficient to bind the company. An adjusting agent has no power to delegate his authority. His position is one of personal trust and confidence reposed in him by his principal, and he can not transfer his relation to a third party. *Waldman v. Ins. Co.*, 91 Ala. 170; *Ruthven v. Ins. Co.* (S. C., Iowa 1894); *McClure v. Ins. Co.*, 4 Mo. App. 148. If it had been shown that he customarily delegated his authority to others with the consent of the company, it would have been a different case.

VOL. 68 app—35

2.    Conceding it to have been shown that one Ira Welch (not the Welch before referred to) who also was shown to have taken some part in the matter of the loss was the defendant's adjusting agent, yet he was not shown to have had anything to do with the loss until after the time limited for proofs of loss had expired. In such case his action could not have had anything to do with the failure to furnish the proofs within the required time. *Cohn v. Ins. Co.*, 62 Mo. App. 271.

—: lapse of time for proofs: adjuster.

It follows from the foregoing that plaintiff failed to make a case against defendant, and that the court's peremptory direction to find for defendant was right and its subsequent granting of a new trial was wrong.

The order granting new trial will be reversed, and the cause remanded with directions to enter judgment for defendant. All concur.

