FINLAY CHISHOLM *vs.* ROYAL INSURANCE COMPANY, LIMITED.

Middlesex.    November 17, 1916. — January 3, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Agency*, Scope of authority.  *Insurance*, Against theft, Of motor vehicle.

An insurance adjuster, to whom the settlement of the amount of loss under a policy of insurance against theft has been referred by the insurance company, cannot be found in the absence of evidence on the subject to have authority from the company to delegate to an impartial and competent third party all his powers as an adjuster and to make the company liable for damages not covered by the policy.

Consequently an adjuster for an insurance company of loss sustained under a policy insuring the owner of a motor vehicle "against loss or damage by theft, robbery or pilferage in excess of $25" has no authority to bind the company by an agreement with the insured that the company will pay for putting the motor vehicle, which had been in use for two years and had been damaged before the theft and which was recovered after the theft, into perfect repair.

CONTRACT upon a policy of insurance of the plaintiff against loss by reason of theft of a motor car owned by him. Writ dated August 17, 1915.

In the Superior Court the case was tried before. *Keating*, J. The material evidence is described in the opinion. The plaintiff asked the judge to instruct the jury as follows:

"1. If the nature and extent of the damage done to the plaintiff's automobile by theft was unknown to the plaintiff, and to the defendant, and incapable of ascertainment except by overhauling and taking apart the automobile, and the defendant's adjuster, for the purpose of adjusting the amount to be paid to the plaintiff under his policy of insurance, agreed with the plaintiff that he should take said automobile to the service station of the Ford Automobile Company in Cambridge, and have the same overhauled and put in perfect repair and made as good as new, and the defendant would pay the plaintiff the bill of the Ford Automobile Company for such repairs together with the amount of such other damage as the plaintiff might have sustained, the plaintiff is entitled to recover under the second count of his declaration the amount of said bill of the Ford Automobile Com-

pany, together with such other damage as he might have sustained by reason of the theft.

"2. If Mr. Church, the defendant's adjuster, for the purpose of adjusting the amount to be paid to the plaintiff on account of damage to his automobile from theft, agreed with the plaintiff that if the plaintiff would take his automobile to the service station of the Ford Automobile Company in Cambridge and have the same put in proper repair, the defendant would pay to the plaintiff the amount of the bill of the Ford Motor Company for such repairs, and the plaintiff thereafter took the machine to the service station of the Ford Automobile Company at Cambridge, and ordered it put in proper repair, and said Ford Automobile Company thereafter put said machine in proper repair, the plaintiff is entitled to recover the amount of the bill of the Ford Automobile Company for such repairs under the second count of the plaintiff's declaration, plus whatever other damage the plaintiff might have suffered by reason of said theft."

The judge refused to grant the requests and instructed the jury in substance that the burden was on the plaintiff to show that the damage for which he sought recovery was caused by reason of the theft of the motor vehicle, that Church had no authority to make any agreement to pay for a bill for repairs not made in consequence of damage by theft, and that if Church agreed to pay the cost of having something more done to the machine than to put it in the condition in which it was at the time of the theft, the defendant would not be bound by such an agreement.

The jury found for the plaintiff in the sum of $25; and the plaintiff alleged exceptions.

*A. S. Howard*, for the plaintiff.

*H. E. Warner, P. L. Stackpole & E. C. Bradlee*, for the defendant, submitted a brief.

De Courcy, J.    The plaintiff's automobile was stolen after eight o'clock in the evening, was abandoned by the thief, and when found about midnight was in a damaged condition. The car had been used by the plaintiff in his business as a plumber during the two years he owned it, had not been painted for some time, and had been damaged in an accident shortly before the theft. The policy insured the plaintiff, among other things,

"against loss or damage by theft, robbery or pilferage in excess of $25." It provided that "In the event of loss or damage under this policy, this company shall be liable only for the actual cost of repairing or, if necessary, replacing the parts damaged or destroyed." The further clause giving the defendant an option "to repair, rebuild, or replace" the property on giving the specified notice of its intention to do so, is now immaterial as the defendant did not avail itself of this provision and the plaintiff does not rely on it. It was admitted that the plaintiff had complied with all the terms of the policy relating to notice and proof of loss; and that the defendant had waived the provision relating to appraisal.

Under the rulings and instruction of the trial judge the jury apparently awarded the plaintiff the cost of having the machine restored to the condition in which it was at the time of the theft. His contention, based on his exceptions, is that he was entitled, by reason of an alleged agreement with the defendant's adjuster, to recover the much larger sum expended by him in putting the machine in perfect repair, regardless of whether the repairs were made necessary by the theft alone.

One Church, a member of a firm of insurance adjusters, after looking over the car did not agree with the estimate of damage furnished by the plaintiff's expert. He suggested that the plaintiff take or send his car to the Ford service station in Cambridge, and leave it to the persons there in charge to determine what damage was done, and to make the repairs. On the testimony of Church the agreement between them was that the insurance company should pay for putting the car in as good condition as it was in before it was stolen. Although the plaintiff, during his cross-examination, corroborated this, yet there was some evidence for the jury that the adjuster agreed that the company would pay for putting the machine "into perfect repair." The assistant superintendent of the Ford service station testified that the plaintiff ordered new parts, and "wanted the car put in as good condition as new;" and, in substance, that the repairs actually made were due to the wear and tear and old age of the car, not to the damage sustained on account of the theft.

Under its contract the defendant insured the plaintiff against the loss or damage due to the theft of his automobile. In the

absence of evidence as to the actual authority of the adjuster, it is to be assumed that he had power to bind the company in the ascertainment of what that damage was, and in adjusting the cost of repairing it. See *Searle* v. *Dwelling House Ins. Co.* 152 Mass. 263. The condition of the automobile, so far as not apparent, could be ascertained by proper examination. It would be obvious that in some particulars this condition could not be due to the recent theft; while some other items of the damage naturally would be attributed to the conduct of the thieves during the three or four hours they had the car. The only question open to dispute would relate to a few items which might or might not be attributed to the conduct of the thieves. Even assuming (the defendant having waived the provision relating to appraisal) that the adjuster had authority to refer this debatable question to the Ford company, as an impartial and competent third party, he could not, on the facts disclosed, bind the defendant by an alleged agreement which purported not only to delegate to the third party all his powers as an adjuster, but to make the insurance company liable for damages that plainly were not covered by the policy. Church had authority only to ascertain and adjust the loss sustained by the theft of the automobile; and there is nothing in the record to show that the company ratified his alleged agreement to give the plaintiff a practically new car, or that it waived the provision of the policy limiting its liability to the actual cost of repairing, or, if necessary, replacing the parts damaged or destroyed by the theft. 1 Clement, Fire Ins. 46. *Ruthven Brothers* v. *American Fire Ins. Co.* 92 Iowa, 316. *Albers* v. *Phœnix Ins. Co.* 68 Mo. App. 543. *Phœnix Ins. Co.* v. *Lawrence*, 4 Met. (Ky.) 9. *Grier Brothers* v. *Northern Assurance Co.* 183 Penn. St. 334.

There was no error in the judge's refusal to give the instructions requested, or in the portions of his charge excepted to.

*Exceptions overruled.*