MARTIN GOLDSTEIN *vs.* FRANKLIN MUTUAL FIRE
INSURANCE COMPANY.

Suffolk. January 11, 1898. — January 11, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Fire Insurance — Overvaluation — Fraud — Law and Fact.*

Although the facts disclosed in an action upon a policy of insurance against loss
by fire furnish evidence of a fraudulent overvaluation by the plaintiff, and
would have warranted a finding to that effect by the judge of the Superior Court
before whom the case was tried, yet this court cannot say that the judge was
bound, as matter of law, so to find.

CONTRACT, upon a policy of insurance against loss by fire, in
which one count of the declaration was for the full amount of
the policy, to wit, $1,000, and the other was for one half the
award made by arbitrators, to wit, $380.84.

Trial in the Superior Court, without a jury, before *Richardson,*
J., who allowed a bill of exceptions in substance as follows.

The defendant issued its policy, in the Massachusetts standard
form, to the plaintiff, on August 8, 1893, insuring his goods to
the amount of $1,000. The plaintiff had another policy in the
same form and for the same amount issued to him by another com-
pany. The property insured was damaged by fire on December
24, 1893. The plaintiff rendered to the defendant, as required
by the policy, a statement representing that his loss amounted to
$2,802.04, and claiming the full amount of the policy. There-
after the amount of the plaintiff's loss was referred to three
arbitrators, in accordance with the provisions of the policy, and
an award was made by them fixing his loss at $761.68. The
plaintiff testified that the value of his goods exposed to the fire
was about $3,000 ; that he knew that the list of goods that he
gave to the company amounted to $2,829.25 ; that he knew that
this amount was stated as the value of the goods in the proof of
loss ; that he had been a dealer in the same kind of goods for
a number of years ; that he bought the goods upon which he
claimed the loss ; and that the list was drawn up from memory.

He testified further, in reply to questions by the defendant's counsel, as follows:

"*Q.* Now, have you any explanation as to how it happened that the amount which you proved before the arbitrators is so much less than the amount you put into your list? *A.* Yes, sir, that is the proof; I had the goods, that is the amount of goods I had.

"*Q.* And you don't know why the arbitrators brought in any different award? *A.* No, sir; I don't know.

"*Q.* You have no explanation? *A.* No, sir."

One of the witnesses for the defence stated, in reply to a question in cross-examination, that he had testified at a previous trial that in his judgment the plaintiff's loss was $1,382.17, and further, concerning the same loss, that he would so testify again.

The hearing before the arbitrators was nearly a year after the fire. The defendant put in no evidence of the value of the goods other than the arbitrators' award. The defendant contended that, in the absence of other explanation, the difference between the amount claimed by the plaintiff in his sworn statement rendered to the company and the amount awarded by the arbitrators was conclusive evidence of an attempt to defraud the company. The judge found for the plaintiff, and assessed damages in the sum of $402.43; and the defendant alleged exceptions.

*G. D. Williams,* for the defendant.

*M. L. Lourie,* for the plaintiff.

BY THE COURT. The facts disclosed in this case certainly furnish strong evidence of a fraudulent overvaluation by the plaintiff, and would have well warranted a finding to that effect, but we cannot say that the court was bound, as matter of law, so to find.

*Exceptions overruled.*