JOHN CONSTANTINO *vs.* MASSACHUSETTS ACCIDENT COMPANY.

Berkshire.    May 18, 1915. — June 22, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Insurance,* Accident. *Notice. Evidence,* Presumptions and burden of proof.

Where a policy of accident insurance provides that the insurer's liability shall be limited, in case the insured changes his occupation to one rated as more hazardous in a certain manual showing a classification of risks, to such an indemnity as according to the manual the premium paid would purchase in the more hazardous occupation, and, at the trial of an action for indemnity under the policy, the insurer contends that the insured made such a change, the burden of establishing the fact that the new occupation was more hazardous than the old is upon the insurer and, where the evidence is not undisputed, it is proper for the presiding judge to refuse to rule that that burden is sustained.

Where, at the trial of an action against an insurance company upon a policy of accident insurance, the defendant contends that the notice in writing of the plaintiff's injury required by the provisions of the policy was not given, and there is evidence tending to show that the plaintiff saw an agent of the company, who on a previous occasion had sent a similar notice to the company for the plaintiff and who, because the plaintiff could not write, agreed to send the requisite notice in writing, that all that was required was a filled in form of

notice of injury and a filled in form of claim of indemnity, that in a letter to the plaintiff's attorney two months after the injury the defendant had used the words, "The preliminary blanks in regard to his illness have been received at this office," and that in no one of nine letters sent by the company to the plaintiff's attorney regarding his claim had any contention been made that the plaintiff had failed to give the notice required by the provision of the policy, the question, whether such notice was given, properly may be left to the jury.

Where a policy of accident insurance requires that "proofs of claim on blanks furnished by the company must be filed with the company" and the blank forms are not annexed to the policy but are to be furnished as occasion calls, it cannot reasonably be said that it was in the contemplation of the parties that the insurer in the exercise of its right would demand of the insured a certificate of a kind which it was impossible to obtain.

Accordingly, where it appears at the trial of an action upon such a policy that the blank, furnished to the insured after he had been injured while in the employ of a manufacturing corporation, required a certificate as to the circumstances from the insured, his physician and the employer, although the policy itself did not in terms require such a certificate, and that the employer refused to give such a certificate, if the insured furnished the certificates of himself and of his physician, it cannot be ruled as a matter of law that his failure to furnish that of his employer bars his recovery.

PIERCE, J. This is an action of contract to recover certain indemnity upon an insurance policy issued to the plaintiff by the defendant.

At the close of all the evidence the defendant asked the trial judge * to rule: "1. Upon all the evidence in this case, the plaintiff is not entitled to recover;" and "2. If the plaintiff is entitled to recover, he cannot recover more than $37.50 for ten months." These requests were refused and exceptions were taken.

The charge was full and accurate in its statements of law applicable to the issues, and no exception to it is argued specifically. The jury found for the plaintiff in the sum of $532.50, and the only question presented for our consideration is whether the evidence, when taken in the aspect most favorable to the contention of the plaintiff, warranted the finding and the amount of the verdict.

The jury could have found that in the month of February, 1913, the defendant issued its policy to the plaintiff providing for a monthly accident indemnity of $52.50, and a sickness indemnity of the same amount payable for a period not longer than twenty-four consecutive months.

The occupation of the assured was set forth as a dyer, dresser and extractor.

* *Fox, J.*

When insured the plaintiff was employed by the Hinsdale Woolen Company in Hinsdale. On March 15, 1913, he entered the employ of the General Electric Company at Pittsfield, as a truck man; and on that day, when making payment of the first monthly premium to one Burke, the agent of the defendant, to deliver the policy and to receive the premiums, gave notice of his change of employment. He was asked to make application to change the policy, but he refused and no new policy ever issued. He paid the April, May, June and July premiums to Burke as they severally became due. In July, 1913, he became sick, the agent Burke came to see him, made out a written notice for him, and sent it to the company. In August, 1913, the company sent to Burke for the plaintiff a check for $37, which the plaintiff claimed was insufficient in that he was entitled to receive a full month's indemnity of $52.

Burke communicated with the defendant, and on September 4, 1913, received a check for the balance claimed by the plaintiff less the premium of $2.50 due and payable August 15, 1913. This retention of the premium operated to continue the policy in full force until September 15, 1913. On September 12, 1913, the plaintiff's right hand was crushed as the result of a heavy tank falling upon it, while he was employed at the plant of the General Electric Company at Pittsfield, and the disability of the plaintiff resulting therefrom extended for ten months.

The defendant in support of its request that a verdict be ordered in its favor, contends, on the testimony of its witness, William J. Burke, that in the company's classification the employment of the plaintiff at Pittsfield was a more hazardous occupation than that at Hinsdale, and that as a consequence the policy was avoided, or if not, that a new rating followed and resulted in a change of the indemnity obligation of $52.50 to $37.50. It had a manual showing a classification of risks, which it might have produced to the jury; failing so to do it has no just cause to complain that the presiding judge's comment on such failure was unfair and prejudicial.

The policy nowhere provides that a change to a more hazardous employment shall make the policy void, but on the contrary expressly contemplates that such a change is likely, and limits its obligation to such an indemnity as the premium paid would

purchase in the more hazardous occupation.  The burden of establishing the proposition that the new occupation was more hazardous than the old was upon the defendant, and the judge could not have ruled rightly that the defendant had proved it to a degree that required its withdrawal from the consideration of the jury.

The defendant next contends that written notice of the injury was not given to the company at its home office.  The jury would be warranted in finding that the plaintiff saw the agent Burke on September 15, 1913, and that Burke agreed, as the plaintiff could not write, to write and send a written notice to the company of the plaintiff's injury.  It would be warranted also in finding that Burke did as he had agreed to do; that he wrote the notice and sent it to the company.  Burke had written and sent a similar notice to the company following the plaintiff's illness in July.  It was warranted in finding that the company received the written notice of injury from its use of the words "The preliminary blanks in regard to his illness have been received at this office," contained in its letter to the plaintiff's attorneys, dated December 13, 1913, when read with the knowledge that a form of notice of injury and one of claim of indemnity were all that were required to be filled out and delivered to the company within stated periods of time.  This inference might be found to be strengthened and emphasized by the fact that in no one of nine letters sent by the company to the plaintiff's attorneys did it so much as make reference to a claimed failure to give written notice of the injury, a default, if it existed, of sufficient weight completely to break down and destroy the plaintiff's legal claim.

The defendant further contends that the proof of claim in blanks furnished by the company, as required by the terms of the policy, has not been furnished.  These blanks called for an affidavit from the plaintiff, the attending doctor and the employer.  Proper affidavits of the plaintiff and the doctor were duly furnished, but the company's manager and foreman refused to make the certificate because the plaintiff had brought suit against the company for damages resulting to him from the same accident.  Had the policy provided in terms for the procurement of a certificate or affidavit of named persons or classes of persons, the assured would have been bound to furnish the stipulated proof as a condition preced-

ent to his right of recovery thereon; *Taylor* v. *Aetna Life Ins. Co.* 13 Gray, 434, 438; *Johnson* v. *Phoenix Ins. Co.* 112 Mass. 49; *Audette* v. *L'Union St. Joseph,* 178 Mass. 113; *Comstock* v. *Fraternal Accident Association,* 116 Wis. 382; but no such contractual condition is to be found therein.

The policy provides that "proofs of claim on blanks furnished by the company must be filed with the company." The blank forms to be provided are not annexed to the policy, but are to be furnished as occasion calls, and no limit to the company's requirements appears in the policy or exists in law save that they shall not be impossible or unreasonable. It reasonably could not be said that it was in the contemplation of the parties that the company in the exercise of its right would demand of the assured a certificate which it was impossible to obtain. *Insurance Co.* v. *Boykin,* 12 Wall. 433. *Peele* v. *Provident Fund Society,* 147 Ind. 543. *Baily* v. *De Crespigny,* L. R. 4 Q. B. 180, 185.

There is nothing in the evidence to show that the policy in question ever was cancelled in accordance with the provisions relating to cancellation set forth in the policy.

*Exceptions overruled.*

The case was submitted on briefs.

*R. J. Morrissey & J. L. Gray,* for the defendant.

*W. A. Burns, J. B. Cummings & J. M. Rosenthal,* for the plaintiff.