DAVID A. SHAPIRO *vs.* SECURITY˙ INSURANCE COMPANY.

Suffolk.    January 27, 1926. — June 8, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Insurance,* Against theft of motor vehicle. *Corporation,* Officers and agents. *Agency,* Scope of authority. *Waiver. Evidence,* Competency.

At the trial of an action upon a policy of insurance against theft of an automobile, it appeared that a warranty in the policy was that the automobile was second hand when bought, and that its actual cost to the assured, "including equipment," was $2,400. The plaintiff had bought the automobile for $2,200 and immediately had expended $200 for new shoes and equipment. A request by the defendant in substance that the jury in arriving at their conclusion as to the actual cost of the car to the plaintiff, including equipment, could not include amounts paid for replacements and repairs of worn or damaged parts made after the plaintiff bought the car, was refused and the jury were instructed that "equipment" meant such additions as were made to the complete car intended for the safety or convenience of the owner and that, if the plaintiff did anything to the car necessary to make it a complete car, a running car, either in the way of equipment or additions to it that were fairly necessitated by its condition at the time he bought it, they might consider that evidence in deciding whether the actual cost to the assured "including equipment" was $2,400. *Held,* that there was no error in the refusal of the defendant's request or in the definition or instructions by the judge.

Where, at the trial of an action upon a policy of insurance, the defendant contends that the policy was rendered invalid because of concealment or misrepresentations by the plaintiff of material facts in statements made to an adjuster for the company, evidence admitted to prove such false statements raises an issue proper for submission to the jury but does not require as a matter of law that a verdict be ordered for the defendant.

An adjuster, with authority from an insurance company to adjust a loss suffered by one insured by it against loss of an automobile by theft, may be found to have authority to waive formal proof of claim although the policy provides that no officer, agent or other representative of the company should have power to waive any of the terms of the policy unless such waiver were written upon or attached thereto and that the company should not be held to waive any provisions or conditions of the policy or any forfeiture thereof by any requirement, act or proceeding on its part relating to the appraisal or to any examination provided for in the policy.

At the trial of an action upon a policy of insurance against loss of the automobile by theft, where it appeared that the policy had the provisions above described and also a provision requiring the assured within sixty days after a loss to render to the company a statement signed and sworn to by him stating the place, time, and cause of loss, the interest of the assured in the property and the sound value thereof, evidence is admissible to show that the defendant, upon receiving notice from the plaintiff of his loss the day after it occurred, caused an adjuster to call upon the plaintiff and make a detailed examination of the facts and caused the plaintiff to attend at the office of its attorney and submit to a detailed examination under oath which he signed and swore to and left with the attorney within twenty-one days after the loss; and that, upon the circumstances of the defendant's refusal to recognize the plaintiff's claim being inquired into by the department of banking and insurance of the Commonwealth, the defendant wrote to the counsel for the department, placing such refusal solely on the ground that the theft was not one recoverable, and not on the ground of failure by the assured to render the statement of his loss within sixty days.

In the action and upon the evidence above described it was *held*, that

(1) A denial of liability or a refusal to pay not predicated on the failure to furnish proofs might be found to be a waiver of an objection based on such failure;

(2) The evidence above described was admissible to show a waiver by the defendant of the clauses of the policy requiring the filing of the sworn statement within sixty days;

(3) The issues, whether the adjuster had authority to make an oral waiver notwithstanding the provision in the policy, and whether on the whole evidence there was a waiver, should have been submitted to the jury.

CONTRACT upon a policy of insurance against loss of an automobile by theft. Writ dated September 14, 1922.

In the Superior Court, the action was tried before *Quinn*, J. In the course of the trial, the plaintiff offered to show, as evidence of waiver of the requirements of the policy as to notice and proof of loss, that one Aronson, an insurance broker, acting in behalf of the plaintiff, went to the insurance department of the Commonwealth for the purpose of ascertaining why the policy was not paid; and also offered the following letters:

A letter signed "H. J. Taylor" from "State House, Boston," dated August 25, 1922, directed to the defendant at New Haven, Connecticut, and reading as follows:

"A complaint has been made to the Department on behalf of David A. Shapiro, 73 Franklin Avenue, Revere, the insured under your policy 74525 in which it is represented that

the automobile insured by this policy was stolen on June 14th last and that your local representative states that the company does not intend to pay the claim on the ground that it is suspected that the car was never stolen.

"It is urged on behalf of this insured that the claim is an entirely honest one and that the suspicions which are entertained by your local representative are entirely unfounded in fact.

"We shall appreciate it if you will be good enough to let us know what the position of the company is in respect to the claim and if it is a fact that the company denies liability for the reason above stated if you are in possession of definite evidence to show that the claim is a fraudulent one."

A letter from the defendant to "H. J. Taylor, Esq., Counsel, Insurance and Banking Department, State House, Boston, Mass.," dated September 2, 1922, in reply to the foregoing letter and reading as follows:

"When this claim was reported we placed the adjustment of the loss in the hands of a reputable adjuster in Boston who has made a very full report and which report was put up to our counsel in Boston with a view to advising us as to whether or not the loss was a valid one under the policy.

"We are advised by our counsel that investigation additional to that made by the adjuster was made, and that an examination of the assured under oath was taken in conformity with the stipulation in the policy. We are now advised by our counsel that the theft was not one recoverable under the policy, that the assured had knowledge of the loss of the car which in their opinion precludes him from recovery. We think that you will agree with us that with an opinion of reputable counsel on the matter that there is no liability on the part of the Company the plaintiff should seek his remedy, if he has any, before the Courts.

"We wish to assure you that in general it is not our purpose to prevent an assured from obtaining his insurance in a meritorious case, but it is the purpose of the Company to vigorously resist a claim which it feels satisfied is not meritorious.

"We trust that this explanation of our position in the matter is satisfactory for your purpose."

Other material evidence, proceedings at the trial and the terms of the report of the action by the trial judge to this court are described in the opinion.

*A. J. Berkowitz*, for the plaintiff.

*M. C. Taylor*, for the defendant.

SANDERSON, J.  This is an action to recover under a fire and theft insurance policy for loss of the plaintiff's automobile by theft.  The declaration as amended alleged, among other things, that the plaintiff had done everything required of him under the terms of the policy, and that the defendant had waived the requirements of the policy with reference to proof of loss.  The answer as amended contained a general denial, with a further allegation that the plaintiff had not complied with the provisions regarding proof of loss.  At the close of the evidence, the defendant presented a motion for a directed verdict.  The trial judge submitted three questions to the jury, and in answering them the jury found that the cost of the automobile to the plaintiff was $2,400; that the car was stolen; and that the damage was $1,140.  The judge then allowed the defendant's motion.

The case was reported under a stipulation that, if any evidence or offer of proof was wrongly admitted or excluded over exception, the Supreme Judicial Court, in considering the correctness of the allowance of the motion for a directed verdict, might treat the issue on the basis of the evidence or offer which should have been admitted or excluded; and under a further stipulation that, if the motion upon the evidence thus considered was correctly allowed, judgment should be entered upon the verdict; that if the motion should have been denied and the case submitted generally to the jury, and there was no error prejudicial to the defendant in the refusal of its third request or in the charge on the same subject, or in the admission of testimony over the defendant's objection, judgment was to be entered for the plaintiff for $1,140 as of the date of the verdict, with costs; otherwise the case to be sent back for a new trial.

One of the warranties in the policy was that the automobile was second hand when bought, and that its actual cost to the assured, including equipment, was $2,400.  It appeared in

evidence that the plaintiff bought it for $2,200 and immediately expended $200 for new shoes and equipment. The defendant's third request was in substance that the jury in arriving at their conclusion as to the actual cost, of the car to the plaintiff, including equipment, could not include amounts paid for replacements and repairs of worn or damaged parts made after the plaintiff bought the car. The judge defined equipment as meaning such additions as are made to the complete car intended for the safety or convenience of the owner, and instructed the jury in substance that, if the plaintiff did anything to the car necessary to make it a complete car, a running car, either in the way of equipment or additions to it that were fairly necessitated by its condition at the time he bought it, they might consider that evidence in deciding whether the actual cost to the assured including equipment was $2,400. The defendant has no just ground for objecting to the judge's definition of the word equipment, nor to his further ruling thereon. The instruction sufficiently protected the defendant's rights and there was no prejudicial error in admitting the evidence relating to this issue, to the refusal to give the requested ruling in terms, nor to the ruling made.

The defendant contends that the policy was avoided because of the plaintiff's concealment or misrepresentations of material facts, in stating to the adjuster that the car had never been in any collision, fire or theft, while in his testimony he said that he had an accident or collision with the car in Rhode Island about a year before and that the statement to the adjuster was untrue. The plaintiff in his statement taken by the defendant's attorney said that his broker had a renewal policy in the same company ready for him when the loss occurred and had so advised him, while in his testimony he said that he had had no talk with his broker or anyone else about insurance. The broker also testified that he had been unsuccessful in getting a renewal and had done nothing about getting a policy from another company. This evidence presented issues of fact for the jury and did not require as matter of law a directed verdict. *Little* v. *Phoenix Ins. Co.* 123 Mass. 380, 385. *Goldstein* v. *Franklin*

*Mutual Fire Ins. Co.* 170 Mass. 243. *Langdeau* v. *John Hancock Mutual Life Ins. Co.* 194 Mass. 56, 67.

The policy provided that no officer, agent or other representative of the company should have power to waive any of the terms of the policy unless such waiver were written upon or attached thereto. It required the assured within sixty days after a loss to render to the company a statement signed and sworn to by him stating the place, time, and cause of loss, the interest of the assured in the property and the sound value thereof. The day after the alleged theft, June 15, 1922, the plaintiff gave notice thereof to the agent who placed the insurance for him, and this agent notified the office of one Peters who, at that time, was the agent and underwriter of the defendant for its automobile business. That office had been instructed by the defendant to use one Hannon as adjuster on automobile losses and adjustments. The claims clerk in the Peters office asked Hannon to be adjuster in the plaintiff's case. It was agreed that Hannon might be considered the insurance adjuster in the case, and a letter from the defendant company, not admitted in evidence but which if wrongly excluded this court might consider in passing upon the order directing a verdict for the defendant, stated, in referring to Hannon: "When this claim was reported we placed the adjustment of the loss in the hands of a reputable adjuster in Boston." The adjuster saw the plaintiff within a day or two and asked him about the things necessary for an adjustment and wrote a statement, which the plaintiff signed, giving information of the time and place of the theft, the place where the automobile was bought, the fact that it was paid for, was never loaned, never in a collision, that it was recently equipped with tires, that there was no other insurance, and giving a description of the car. There was evidence that the adjuster then said that he then wanted no more particulars and would let the plaintiff know if he wanted anything more. The adjuster had papers with him from the company, but what they were did not appear. The plaintiff was examined in June, 1922, by counsel for the defendant with the assistance of its adjuster. He met counsel in response to a letter which contained, among other things,

these words: "We are making this request in accordance with the stipulation in your policy and without waiving any rights the Company may have under the policy." The examination contained questions and answers as to the plaintiff's residence and business, the purchase of the car, the use made of it, the condition of it at the time of loss, the circumstances surrounding the theft, the insurance, as well as other matters not now material. At the end of the examination, the plaintiff asked counsel and the adjuster if that was all, and was told in substance that if there was anything else they would let him know, they would call on him. The plaintiff did not see the adjuster after this examination, but about eight or nine months later received a telephone call from him with reference to an adjustment concerning the car. On July 5, counsel wrote the plaintiff that the examination was ready for signature, and on the next day the statement was signed and sworn to by the plaintiff. Hannon was the only adjuster in the case.

About a month after the theft the agent who placed the plaintiff's insurance made inquiries of the adjuster concerning the plaintiff's claim and was told "We are investigating; you will hear from me or come in and see me in about a week or two." A second call was made as requested and the adjuster said they were still investigating; and at a third interview, the exact date of which did not appear, the adjuster said to the agent "I don't think the company will pay the loss," and referred him to counsel. There was evidence tending to prove that when the claim was turned over to the adjuster the matter was left entirely to him so far as the Peters office was concerned.

The examination in the attorney's office signed and sworn to by the plaintiff was offered as a proof of loss and as evidence of waiver. It was admitted on the issue of waiver and then as competent evidence in the case, the significance of it to be determined afterward.

The policy provided that the company should not be held to waive any provisions or conditions of the policy or any forfeiture thereof by any requirement, act or proceeding on its part relating to the appraisal or to any examination pro-

vided for in the policy. Proof of loss is a condition precedent to the right to recover on the policy. *Boruszweski* v. *Middlesex Mutual Assurance Co.* 186 Mass. 589, 590. *Larner* v. *Massachusetts Bonding & Ins. Co.* 238 Mass. 80, 82. An insurance company does not waive its right to a proof of loss by requiring the insured to be examined under oath, nor by having its agents investigate the loss and ascertain whether an agreement as to the amount may be made and if not to have the matter referred.

An adjuster with authority to adjust a loss may be found to have authority to waive formal proof of claim. It was said in *Little* v. *Phoenix Ins. Co.* 123 Mass. 380, where there was evidence that the agents were charged with the whole duty of settling losses and in this respect represented the company, "As a necessary incident, they had the power to dispense with those stipulations for the benefit of the company, which had reference to the mode of ascertaining the liability and limiting the right of action." In the absence of evidence of the actual authority of the adjuster, it is to be assumed that he had power to bind the company in the ascertainment of what the damage was, and in adjusting the cost of repairing it. *Chisholm* v. *Royal Ins. Co. Ltd.* 225 Mass. 428, 430, 431. If an adjuster is sent by a general agent to investigate and adjust a loss it is within the apparent scope of his authority to waive proofs of loss, and to agree upon the amount of the loss. *Wholley* v. *Western Assurance Co.* 174 Mass. 263.

The ground of the decisions holding that the requirement as to proof of loss has been waived is, that it is against good faith for the defendants, after they have lulled the plaintiffs into a feeling of security, to object at the trial that the proofs were not sufficient. *Butterworth* v. *Western Assurance Co.* 132 Mass. 489, 492. *Graves* v. *Washington Marine Ins. Co.* 12 Allen, 391. A provision in the policy that no clause shall be waived except by writing indorsed thereon does not preclude the company from thereafter authorizing a waiver in some other way. *Blake* v. *Exchange Mutual Ins. Co.* 12 Gray, 265, *Porter* v. *United States Life Ins. Co.* 160 Mass. 183, 186, *Insurance Co.* v. *Norton,* 96 U. S. 234, 240, *Northern Assurance*

*Co.* v. *Grand View Building Association,* 183 U. S. 308, 361. The letter from the defendant dated September 2, 1922, was in part in the following terms: "We are advised by our counsel that investigation additional to that made by the adjuster was made, and that an examination of the assured under oath was taken in conformity with the stipulation in the policy. We are now advised by our counsel that the theft was not one recoverable under the policy, that the assured had knowledge of the loss of the car which in their opinion precludes him from recovery. . . . We wish to assure you that in general it is not our purpose to prevent an assured from obtaining his insurance in a meritorious case, but it is the purpose of the Company to rigorously resist a claim which it feels satisfied is not meritorious."

In *Searle* v. *Dwelling House Ins. Co.* 152 Mass. 263, 265, the plaintiff made an informal statement of loss but no formal proof. The defendant, in reply to an inquiry from a local agent concerning the loss, written after the time for filing proof of loss had passed, placed its refusal to pay on misconduct of the plaintiff and not upon deficiency in the notice. The court said, "Where insurers make no objection to preliminary proof, but put their refusal to pay on some other ground, it is a reasonable inference that they waive any deficiency therein." The court also referred to the fact that the defendant could not in any way have been harmed by the failure to file proof of loss because it was in possession of all the details of the loss by the report of the adjuster upon the informal paper. It is generally held that a denial of liability or a refusal to pay not predicated on the failure to furnish proofs is a waiver of any objection on that ground. *Wheelock* v. *Postal Telegraph Cable Co.* 197 Mass. 119, 124.

There was no prejudicial error in admitting the examination of the plaintiff on the issue of waiver.

The portion of the letter written by the defendant to counsel for the State insurance and banking department, relating to the appointment of the adjuster, and its grounds for refusing to pay, should have been admitted. The letter, being written after the period allowed for filing proof of loss, could not on principle be a waiver, but it indicated that the

company was basing its refusal to pay upon a defence to the case on its merits, and tended to support the plaintiff's contention that a waiver of further proof within that period had been authorized.   The issues, whether the adjuster had authority to make an oral waiver notwithstanding the provision in the policy and whether upon the whole evidence there was a waiver, should have been submitted to the jury. The case at bar is distinguishable in its facts from *Kyte* v. *Commercial Union Assurance Co.* 144 Mass. 43, *Rockwell* v. *Hamburg-Bremen Fire Ins. Co.* 212 Mass. 318, *Urbaniak* v. *Firemen's Ins. Co.* 227 Mass. 132, and *Paulauskas* v. *Fireman's Fund Association,* 254 Mass. 1.

All questions reserved by the report have been considered. The motion for a directed verdict should have been denied and the case submitted generally to the jury.   In accordance with the terms of the report, judgment is to be entered for the plaintiff for $1,140 as of the date of the verdict with costs.

*So ordered.*