STAR FASTENER, INC. *vs.* AMERICAN EMPLOYERS' INSURANCE COMPANY.

Suffolk.    January 5, 1951. — February 2, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Bond,* Fidelity bond. *Waiver. Estoppel.*

The obligor under a fidelity bond waived or was estopped to rely upon nonperformance of a requirement of the bond that a notice of loss be given by the obligee by registered mail where it appeared that, after the obligee had sent the obligor an unregistered letter notifying it of a loss, the obligor wrote the obligee acknowledging receipt of the notice and stating that the matter had been submitted to the obligor's claim department for proper handling.

Estoppel of the obligor under a fidelity bond to rely upon nonperformance of a requirement of the bond that the obligee file a sworn claim of loss with the obligor within a designated period of time could not be based on a denial of liability by the obligor not expressed by it to the obligee until after the expiration of such period.

CONTRACT. Writ in the Municipal Court of the City of Boston dated September 14, 1949.

The action was heard by *Shamon,* J., who found for the defendant. A report to the Appellate Division was ordered dismissed, and the plaintiff appealed.

*B. P. Rome,* for the plaintiff.

*P. H. Tenney, H. J. H. Sears, & D. W. Riordan,* for the defendant, submitted a brief.

SPALDING, J.   In this action of contract brought in the Municipal Court of the City of Boston the plaintiff seeks to recover on a fidelity bond issued by the defendant, by the terms of which the defendant guaranteed the plaintiff against any loss from fraud, dishonesty, embezzlement, or misappropriation which should be committed by one Maxwell Brilliant, a salesman employed by the plaintiff.

At the trial evidence was introduced which tended to show that while the bond was in force Brilliant on or about April 21, 1949, sold some nineteen thousand five hundred fifty zippers belonging to the plaintiff and failed to remit the proceeds.   The bond provides, "The Employer shall give notice, by registered mail, to the Surety at its Home Office, Boston, Mass., as soon as possible after becoming aware of any act committed by any Employee which may be made the basis of claim hereunder, and, within ninety days after date of said notice, shall file with the Surety an itemized claim hereunder, duly sworn to . . . ."

There was evidence that on April 25, 1949, the plaintiff sent the defendant a letter (not by registered mail), notifying it of a loss claimed under the bond.   By a letter of May 3 the defendant acknowledged receipt of this notice and stated that it had submitted the matter to its claim department for proper handling.   On May 9 the defendant's superintendent sent the plaintiff a letter stating, "We have interviewed Mr. Brilliant and he denies dishonesty of any kind.   Upon completion of our investigation I will write you again." After receipt of this letter the plaintiff, on May 11, wrote the defendant a letter setting forth the number of zippers which had been in the control of Brilliant and an estimate of the number which had been sold by him.   This letter, which was not under oath, was the only claim ever submitted by the plaintiff.   There was no other material correspondence between the parties until August 5, more than ninety days after April 25, when the defendant wrote to the plaintiff's

attorneys: "Please be informed that this Company takes the position that it has no liability to your clients under Policy #F-91119."

The trial judge found for the defendant on the ground that there had been no compliance with the provisions of the bond requiring notice of loss to the defendant by registered mail, and the filing of an itemized claim, duly sworn to, within ninety days thereafter. He ruled that these provisions were mandatory rather than directory and that the defendant was not estopped to rely on them. Because its requests for rulings were denied, the plaintiff claimed a report to the Appellate Division. Of these, in view of the judge's findings, only the following are material: "1. On all the evidence a finding for the plaintiff is warranted." "6. On all the evidence the defendant waived the requirement of any further notice than that received from the plaintiff on April 25, 1949." The Appellate Division (on the authority of *Fitchburg Savings Bank* v. *Massachusetts Bonding & Ins. Co.* 274 Mass. 135, 151) held — and correctly we think — that the defendant was estopped to rely on any defect in the original notice because of its letter to the plaintiff stating that it had submitted the matter to its claim department. Accordingly it held that the trial judge erred in denying the plaintiff's sixth request. But it held that this error did not harm the plaintiff since it was not entitled to prevail by reason of its failure to comply with the provision requiring the filing of a proof of claim, duly sworn to, within ninety days after the date of notice. The plaintiff's appeal from an order of the Appellate Division dismissing the report brings the case here.

There was no error.

The plaintiff was not entitled to a ruling that on all the evidence a finding in its favor was warranted. As conditions precedent to the defendant's liability on the bond the plaintiff was required not only to give notice of the loss but also to file a sworn claim within ninety days thereafter. *Fitchburg Savings Bank* v. *Massachusetts Bonding & Ins. Co.* 274 Mass. 135, 152. The latter condition was not fulfilled, for

the purported claim sent on May 11 was not sworn to, and the defendant was not estopped to rely on its nonperformance. The defendant's letter of May 9, which had been received by the plaintiff prior to its abortive attempt to file the required claim of loss, was not a denial of liability grounded on the merits of the claim. Compare *Jackson & Co. (Inc.)* v. *Great American Indemnity Co.* 282 Mass. 337, 342. At most it amounted only to a preliminary report on its investigation of the matter. "This is not shown to be 'a case where the plaintiff has been induced to forego doing something which . . . [it] might have done had . . . [it] not been lulled into a false belief that nothing more was necessary.'" *Sheehan* v. *Commercial Travelers Mutual Accident Association*, 283 Mass. 543, 551. In this aspect the case is clearly distinguishable from *Searle* v. *Dwelling House Ins. Co.* 152 Mass. 263, and *Shapiro* v. *Security Ins. Co.* 256 Mass. 358, on which the plaintiff relies. True, the defendant in its letter of August 5 denied all liability under the bond, which, had it occurred within the period that the proof of claim could have been filed, would have estopped the defendant from requiring it. *Jackson & Co. (Inc.)* v. *Great American Indemnity Co.* 282 Mass. 337, 342. *Fuller* v. *Home Indemnity Co.* 318 Mass. 37, 43, and cases cited. However, since the denial of liability occurred after the time when the proof could be filed, there was no basis for an estoppel. *Milton Ice Co. Inc.* v. *Travelers Indemnity Co.* 320 Mass. 719, 721–722.

*Order dismissing report affirmed.*