Smith Beverages, Inc. *v.* Metropolitan Casualty Ins. Co.

there should be some showing of a reasonable need for a transcript for the purposes for the particular form of review being prosecuted.

*Order reversed.*

---

SMITH BEVERAGES, INC. *vs.* METROPOLITAN CASUALTY INSURANCE COMPANY.

Suffolk.   February 6, 1958. — April 7, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Insurance,* Proof of loss, Waiver, Estoppel. *Evidence,* Statement by alleged agent, Competency, Preliminary proof, Opinion. *Waiver.* *Estoppel.*

Compliance by the insured with a requirement of a burglary insurance policy that "affirmative proof of loss . . . be furnished to the company" within a specified time was a condition precedent to liability of the company on the policy. [271]

Mere failure of the insurer under a burglary insurance policy to furnish the insured with forms for proof of a loss after receiving notice of the loss did not constitute a waiver by the insurer of a provision of the policy requiring proof of loss within a specified time "upon such forms as are provided by" the insurer. [272]

In an action upon a burglary insurance policy, evidence of statements made by an adjuster in the insurer's claim department, the agent who signed the policy, and an accountant hired by the adjuster tending to show a waiver by the insurer of a requirement of proof of loss in the policy or an estoppel of the insurer to assert noncompliance with such requirement as a defence was properly excluded in the absence of preliminary proof of the authority of such persons to bind the insurer by the statements. [272–273]

On the record in an action on a burglary insurance policy, there was no error in excluding an accountant's opinion that it would not have been possible to prepare a proof of loss in the detail required by the insurer's form of proof within sixty days after discovery of the loss as allowed by the policy for furnishing the proof "upon such forms as are provided by" the insurer. [273–274]

CONTRACT.   Writ in the Superior Court dated September 20, 1951.

The action was tried before *Beaudreau,* J.

*Vincent R. Brogna,* for the plaintiff.

*Samuel P. Sears,* (*James R. DeGiacomo* with him,) for the defendant.

CUTTER, J.   This is an action of contract upon a burglary insurance policy issued by the defendant, dated September 26, 1950.   The plaintiff seeks to recover for a loss by alleged burglary, on October 14 or 15, 1950, of liquors from the plaintiff's store in Revere.   The policy provides that "[a]ffirmative proof of loss . . . under oath . . . upon such forms as are provided by the company shall be furnished to the company within sixty days from the date of the discovery of such loss."   The plaintiff gave to the defendant notice of loss on October 17, 1950.   Proof of loss was filed January 15, 1951, more than sixty days after notice of loss. The case was submitted to the jury, with leave reserved to enter a verdict.   When the jury disagreed, the trial judge directed a verdict for the defendant.   The bill of exceptions presents the plaintiff's exceptions to this action and to various rulings on evidence.

1.   The seasonable filing of the prescribed proof of loss was a condition precedent to the defendant's liability upon the policy.   *Star Fastener, Inc.* v. *American Employers' Ins. Co.* 326 Mass. 728, 730.   See *Cooper* v. *Prudential Ins. Co.* 329 Mass. 301, 303.   Failure to file such proof within the sixty day period mentioned in the policy "bars recovery unless the failure is excused or has been waived."   *Milton Ice Co. Inc.* v. *Travelers Indemnity Co.* 320 Mass. 719, 720. Cases like *Clement* v. *British American Assurance Co.* 141 Mass. 298, 299–300, and *Lamson Consolidated Store Service Co.* v. *Prudential Fire Ins. Co.* 171 Mass. 433, 434–435, relied upon by the plaintiff, deal with the different question whether a provision for arbitration will be held to be a condition precedent to suit unless there is an express stipulation to that effect.   Compare *Brocklehurst & Potter Co.* v. *Marsch,* 225 Mass. 3, 9; *Lakube* v. *Cohen,* 304 Mass. 156, 157–158.   *Constantino* v. *Massachusetts Accident Co.* 221 Mass. 464, 467–468, also relied upon by the plaintiff, holds no more than that the particular certificate there dis-

cussed was not required by any provision of the policy there in question and hence was not a condition precedent to suit.

2. If the defendant, by an authorized agent, informed the plaintiff prior to the expiration of the sixty day period for filing proof of loss that it would not pay the claim for reasons not connected with the failure to file such proof, the defendant would be estopped to assert that there had been no compliance with the requirement that the proof be filed. See *Milton Ice Co. Inc.* v. *Travelers Indemnity Co.* 320 Mass. 719, 721; *Star Fastener, Inc.* v. *American Employers' Ins. Co.* 326 Mass. 728, 731, and cases cited. No evidence was admitted which showed any such denial of liability by the defendant within the sixty day period.

The contention that there was a waiver because the defendant failed to furnish forms for proof of loss is without merit. The only request for a form was made to one Meehan whose signature, "Meehan Insurance Agency, By M. C. Meehan, Authorized Representative," appears on the policy, but there is no showing of the scope of Meehan's authority, or that Meehan or any other representative of the defendant refused to furnish a proof form, or that there was any formal or written waiver of filing a proof of loss "by endorsement . . . signed by a duly authorized representative of the company" as required by the policy in order "to effect a waiver or change in any part of . . . [the] policy." See *Blair* v. *National Reserve Ins. Co.* 293 Mass. 86, 88. The cases relied upon by the plaintiff (see *Constantino* v. *Massachusetts Accident Co.* 221 Mass. 464, 468; *Shapiro* v. *Security Ins. Co.* 256 Mass. 358; *Jackson & Co. (Inc.)* v. *Great American Indemnity Co.* 282 Mass. 337, 344) do not support the contention that the mere failure of an insurer to furnish proof forms constitutes a waiver of a policy requirement that proof be filed.

3. The judge refused to admit testimony that one McDonald had stated that the defendant denied liability on the loss. It was shown that McDonald was an investigator or adjuster and his supervisor was properly (see *Sacks* v. *Martin Equipment Co.* 333 Mass. 274, 279) permitted to

testify that McDonald had "no authority to do anything but submit . . . [his] report of facts"; that he worked for the claim department of the defendant; and that he signed his reports as "adjuster." Although the jury would not have been required to believe this testimony, the plaintiff made no affirmative preliminary showing that McDonald had authority from the defendant to deny liability or to adjust the loss. Compare *Shapiro* v. *Security Ins. Co.* 256 Mass. 358, 365. Affirmative proof by the plaintiff of authority in McDonald to waive the requirements of the policy or to deny liability was necessary, before statements by him that the company denied liability would be admissible. See *Vasaris* v. *National Liberty Ins. Co.* 272 Mass. 62, 65–67; *Blair* v. *National Reserve Ins. Co.* 293 Mass. 86, 88–89; *Cooper* v. *Prudential Ins. Co.* 329 Mass. 301, 304–305. Similar considerations govern the exclusion of testimony (a) that Meehan, the insurance agent who signed the policy, said that the defendant denied liability, and (b) that an accountant hired by McDonald said that there was no hurry about filing proof of loss. There was no preliminary showing of the scope of the authority of Meehan or of the accountant. A statement of McDonald that he was "an adjuster . . . to investigate the loss" added nothing to what appeared in other testimony, and even if admissible (see *Eastern Paper & Box Co. Inc.* v. *Herz Manuf. Corp.* 323 Mass. 138, 142) its exclusion was not prejudicial. See *Pataskas* v. *Judeikis,* 327 Mass. 258, 261; *Ross* v. *Nourse,* 330 Mass. 666, 672.

4. One Metz, an accountant, was not permitted to express the opinion that it would not have been possible, within the sixty day period, to prepare a proof of loss in the detail required by the company's form. The plaintiff did not establish, except possibly by introducing the proof of loss eventually filed, what obstacles there were in fact to prompt filing, although it would have been possible to show the character of the work necessary for preparation of the proof. The particular question asked may have improperly called for some interpretation of the requirements of the com-

pany's form. Under all the circumstances, it cannot be said that the judge erred in excluding the unexplained opinion of the witness on a matter not plainly the proper subject of either lay or expert opinion testimony. See *Morrissey* v. *Connecticut Valley Street Railway*, 233 Mass. 554, 557; *Commonwealth* v. *Moore*, 323 Mass. 70, 76. See also *Lavoie* v. *Brockelman Brothers, Inc.* 315 Mass. 673, 676–677; *Johnson* v. *Orange*, 320 Mass. 336, 338.

5. The trial judge correctly directed a verdict for the defendant because of the plaintiff's failure to comply with the policy requirements for seasonable proof of loss. Accordingly, it is unnecessary to consider exceptions to the refusal to admit evidence bearing only on the different issue whether the loss was caused by action of an employee of the plaintiff of a type excluded from the policy's coverage.

*Exceptions overruled.*