*Southern Division*

### JOSEPH G. COLLINS d-b-a
### COLLINS EQUIPMENT COMPANY
### v.
### THE AETNA CASUALTY AND SURETY CO.

*Present:* Nash, P. J., Cox & Callan, JJ.

Case tried to *Kupka, J.,* in the District Court of Brockton. No. 20370.

*Cox, J.* The plaintiff brought this action to recover under a contract of insurance for damage to its equipment. The defendant answered that the damage to the plaintiff's equipment was caused by mechanical breakdown which was alleged to be specifically excluded by the contract and that no detailed signed and sworn proof of loss was filed within ninety days of the date of the loss. The defendant's answer also contained a general denial.

There was a finding for the plaintiff in the sum of $1080.

The case was reported because the defendant claims to be aggrieved by the denial of its requested rulings numbered 1, 2, 3, 4, 7, 8, 9 and 10. They appear in the margin.

*There was evidence that* the plaintiff, the only witness, was the owner and operator of a Michigan crane truck "insured fully by the defendant." That on November 24, 1956, the crane while in operation removing tree stumps, tipped, and the boom buckled and broke, falling to the ground. The machine then righted itself. Only the boom was damaged.

There was also oral evidence that the plaintiff notified the defendant's servant or agent on the day (Saturday) the machine was damaged; that on the following Monday the plaintiff filled out a proof of loss; and that the plaintiff went to the agent's office three or four times during a period of three weeks requesting that the defendant send out an ap-

praiser or adjuster to see the damage. A similar request was made at the defendant's Boston office. After filing the proof of loss, and as soon as he was able to determine the damage, the plaintiff in writing informed the defendant of the amount of damage sustained. The defendant did not send out an appraiser or adjuster to view the damage.

The report states that at the trial "there was a document entitled 'Certificate of Insurance' received in evidence and a sample policy referred to by the court."

The judge made special findings which may be summarized as follows: That there was an upset of the machine which damaged the boom; that the upset comes within the policy coverage; that the defendant's servant or agent was verbally notified of the accident on the same day it occurred; that on the Monday following the accident the plaintiff made out a detailed proof of loss in writing at the defendant's office and upon its forms and filed it with the defendant; that as soon thereafter as the plaintiff could determine the damages the plaintiff in writing informed the defendant thereof; that the plaintiff was diligent in notifying the defendant of the accident and in filing the proper papers; and that the plaintiff fully complied with the terms of the insurance policy and is entitled to recover thereon.

The law is clear that when a contract of insurance provides for affirmative proof of loss under oath within a certain

period of time, upon forms provided by the insurer, the seasonable filing of the prescribed proof of loss is a condition precedent to the insurer's liability under the policy and failure to file such proof within the period mentioned in the policy "bars recovery unless the failure is excused or has been waived." *Smith Beverages, Inc. v. Metropolitan Casualty Ins. Co.,* 337 Mass. 270, and cases cited.

The difficulty with the defendant's position, apparent at the outset, is, that nowhere in the report is there any reference whatever to the contents of the policy or the portions thereof which bear on the questions which the defendant raises. The report does not quote nor summarize any portion of the policy, so that we are unable to determine whether this loss was covered by its terms and whether there has been a violation of or compliance with the contract relating to seasonable sworn proof of loss or waiver thereof. This shortcoming applies equally to and affects all the defendant's requests which the judge denied.

Rule 28 of the District Courts (1952) placed upon the defendant as the party requesting the report, the burden to include within it "facts essential to a full understanding of the questions presented", and "generally as fully as may be [to] follow the model elsewhere printed in these rules." The draft report model appearing on pages 45 and 46 of the rules requires in the last paragraph thereof that "The report should include, by incorporation and not merely by reference,

all matters necessary to present the questions of law reported."

■ Without a report of the material portions of the policy, or a summary thereof, we are unable to pass upon the questions of law raised by the defendant's requests for rulings. *Posell v. Herscovitz,* 237 Mass. 513; *Sarkesian v. Cedric Chase Photographic Laboratories, Inc.,* 324 Mass. 620, 623. The two cases cited related to exceptions in the Superior Court, but their analogy to reports in the District Courts is established. *Famigletti v. Neviackas,* 324 Mass. 70, 72.

■ As there is nothing in the report before us to indicate any error of law by the trial judge, an order should be entered dismissing the report.

### Defendant's Requests For Rulings

1. The proper filing of a detailed, signed and sworn proof of loss within 90 days from the date of the alleged loss is a condition precedent to the plaintiff's recovery, and therefore the plaintiff is not entitled to recover.
2. The provisions cited in previous request are mandatory rather than directory and therefore the plaintiff cannot recover in this action.
3. The evidence requires a finding that there was no waiver of the requirement of a detailed, signed and sworn proof of loss being submitted within 90 days from the date of the alleged loss, and that there was no conduct by the defendant which could be construed as an estoppel.

4. The plaintiff does not sustain the burden of proving compliance with the conditions of the policy, nor waiver thereof by the defendant, and therefore, the plaintiff cannot recover in this action.

5. The Court must apply the common everyday meaning to the words "upset" and "collision".

6. The evidence requires a finding that there was no collision within the meaning of the policy.

7. The evidence requires a finding that there was no upset within the meaning of the policy, therefore the plaintiff cannot recover.

8. The policy states that no action shall be brought by the assured against the company unless as a condition precedent thereto, the assured shall have fully complied with the terms of the policy; the evidence requires a finding that all of the conditions were not fulfilled, and therefore the plaintiff is not entitled to recover.

9. The evidence does not conform to the pleadings, and therefore the plaintiff is not entitled to recover.

10. The evidence is insufficient to warrant a finding for the plaintiff.

John J. Mahoney of Boston, for the Defendant.