## Southern District

### DAVID J. THORP et al
### v.
### HINGHAM MUTUAL FIRE INSURANCE CO.

*Present*: Nash, P. J., Sgarzi & Kalus, JJ.

Case tried to *Lee, J.* in the Second District Court of Plymouth. No. 31499.

Argued: ——————    Decided: ——————

*Sgarzi, J.* This is an action of contract in which recovery is sought for the loss of certain personal property allegedly stolen from premises of the plaintiffs and covered by the theft provisions of a "Homeowners Policy" so-called issued by the defendant to the plaintiffs. The answer is a general denial and allegation of payment.

*There was evidence that* on or about September 1, 1960 there was in force an insurance policy which had been issued by the defendant to the plaintiffs insuring the plaintiffs against the loss of their real and personal property at 77 Summer Street, Cohasset against various perils including theft. The policy had been mailed to the plaintiffs' mortgagee and a memorandum had been furnished to the plaintiffs. The certificate and the policy were both introduced in evidence.

At 7:00 p.m. on Sunday September 3, 1960 the plaintiffs upon returning to their house after a week's vacation noticed that a light was on in the kitchen and there was a hole in the floor. The report contains no reference as to the size or other description of the hole. Mrs. Thorp noticed that a camera which had been on the piano was missing. The next day was Labor Day and in the afternoon Mr. Thorp telephoned the police who came to the house and requested a list of the missing articles. This list was furnished on the following day at which time the defendant was also notified. A claims adjuster visited the plaintiffs after several days and the plaintiffs gave him a copy of the list of missing articles which had previously been given to the police. Later a Mr. Nelson, an independent adjuster, retained by the defendant also visited the plaintiffs and spoke to them about the claim. On November 30, 1960 Mr. Nelson wrote Mrs. Thorp requesting a list of the missing articles, their date of purchase, where they were acquired and also enclosing non-waiver agreements which he requested the plaintiffs to sign and return. The plaintiffs complied with both requests on the following day. The non-waiver agreement which was introduced in evidence provided that any action taken by the defendant in investigating the claim and determining the amount of the loss would not waive or invalidate any of the conditions of the policy or prejudice the rights of ether of the parties. The plaintiffs heard nothing

further until December 16, 1960 when Mr. Thorp received a letter from Mr. Nelson stating that the defendant would pay $100.00 "ex gratia" to terminate the claim. Mr. Thorp replied by letter and on January 9, 1961 visited the defendant company where he talked with its president, a Mr. Bates. He was told that there was insufficient evidence of theft and that the defendant would do no better than to pay the amount offered by Mr. Nelson.

At the conclusion of the evidence the defendant presented twenty requests for rulings of law four of which were granted and sixteen denied. The judge found for the plaintiffs in the sum of $961.50 and made the following special findings of fact:

> "I find that the plaintiffs were covered by the provisions of this policy and that it was in effect at the time of the theft of the plaintiffs' personal property. I find that the plaintiffs gave adequate notice to the defendant company who acknowledged said notice by their letter of November 30, 1960 instructing the plaintiffs as to steps to be taken. I find that these instructions which were complied with by the plaintiffs and the conduct of the defendant company constitute a waiver of all formal prerequisites of the policy in regard to perfecting a claim. The defendant company cites G. L. c. 175, §99. This chapter and section deal with fire insurance whereas the policy issued to the plaintiffs was a Homeowners Comprehensive Policy. It is questionable whether these statutory provisions are applicable to the theft portion of

the policy and even if they were, I find that the plaintiffs would have qualified under c. 175, §102."

The case is reported because the defendant claims to be aggrieved by the denial of its requests for rulings of law.

[■] The first request sought a ruling based on all the evidence and was properly denied as lacking the specifications required by Rule 27 of the Rules of District Courts. *Okin v. Sullivan,* 307 Mass. 227; *Barsky v. Hansen,* 311 Mass. 14.

Requests Nos. 2, 4, 5, 6 relate to the sufficiency of evidence of theft but since it was conceded by the defendant at the hearing before this division that there was evidence at the trial upon which a finding of theft could be based, we regard these requests as properly denied.

The seventh request was that if the Court found that the loss was caused by the plaintiffs' own neglect, the court must find for the defendant. This was denied with the statement that the court did not so find. No prejudicial error appears here since there was evidence to support the finding. *Liberatori v. Framingham,* 315 Mass. 538; *Perry v. Hanover,* 314 Mass. 167.

The remaining requests deal with the requirements of notice, the furnishing of sworn statements of loss, the submission to arbitration and other provisions of the policy and of the statute, G. L. c. 175, §99.

■ The requirements of seasonable notice of loss, and filing of proofs of claim are mandatory and are conditions precedent to the right of recovery under a policy of insurance. *Star Fastener Inc. v. American Emp. Ins. Co.,* 326 Mass. 728; *Smith Beverages Inc. v. Metropolitan Gas. Co.,* 337 Mass. 270; *Aisenberg v. Royal Ins. Co.,* 266 Mass. 543. However, these provisions can be waived and the Court in this case so found. The question then is as to whether the facts were such as to warrant or support such a finding. *Milton Ice Co. v. Travelers Indemnity Co.* 320 Mass. 719; *Epstein v. Nothwestern Nat. Ins. Co.* 267 Mass. 571; *Shapiro v. Security Ins. Co.,* 256 Mass. 358.

We are of the opinion that they were.

There was evidence that the plaintiffs notified the police on the day following the evening when the loss was discovered and notified the defendant on the following day. Subsequently the defendant sent a representative or adjuster to see the plaintiffs and from then on the plaintiffs complied with every demand and request made of them by the defendant.

■ The doctrine of waiver is in fact a doctrine of estoppel which bars the defendant from relying on the failure of the plaintiff to comply with certain requirements because of its own conduct or behavior in denying liability. *Sheehan v. Commercial Traveler's Assn.,* 283 Mass. 543; *Milton Ice Co. v. Traveler's Indemnity Co.,* 320 Mass. 719.

When the defendant notified the plaintiffs that it would pay them the sum of $100.00 "ex gratia" because there was insufficient evidence of theft, this was in effect a denial of liability which was not based upon the failure of the plaintiffs to comply with requirements of the contract or of the statute. In these circumstances the judge was warranted in finding that these requirements were waived by the defendant. The fact that a non-waiver agreement "so called" had been signed by the plaintiffs does not alter the situation since it cannot prevent the Court from finding that a waiver had in fact occurred. *Blair v. Nat. Reserve Ins. Co.*, 293 Mass. 86.

We find no prejudicial error and the order should be "Report Dismissed".

William H. Clawrey, for the Plaintiff.
Alan G. Miller, of Boston, for the Defendant.